# EXHIBIT A

FILED: WESTCHESTER COUNTY CLERK 03/28/2018 01:23 PM
NYSCEF DOC. NO. 1
18-22552-shl   Doc 33-1   Filed 06/08/18   Entered 06/08/18 16:17:13   Exhibit A
Pg 2 of 24
INDEX NO. 54583/2018
RECEIVED NYSCEF: 03/28/2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

----------------------------------------------------------------x

ATTIS PROPERTIES, INC., JOSHUA BROWN,
ANGIE BROWN, PHILIP GOLDSTEIN, ELLEN
GOLDSTEIN, and SANLEY COMPANY,

<p style="margin-left:3em">Plaintiffs,</p>

-against-

15-17 CIRCLE HOLDING LLC,  15 CIRCLE
RD - MBI LLC,  17 CIRCLE RD - MBI LLC,
MICHAEL PAUL D'ALESSIO, WILLIAM
ORRICO,  MICHAEL PAUL ENTERPRISES, LLC,
and MBI PARTNERS LLC,

<p style="margin-left:3em">Defendants.</p>

----------------------------------------------------------------x

Plaintiffs designate Westchester
County as the Place of Trial

Index No.:

**SUMMONS**

To the above named Defendants:

**YOU ARE HEREBY SUMMONED** to answer the verified complaint in this action and
to serve a copy of your answer, or, if the verified complaint is not served with this summons, to
serve a notice of appearance, on the Plaintiffs' Attorney(s) within 20 days after the service of this
summons, exclusive of the day of service (or within 30 days after the service is complete if this
summons is not personally delivered to you within the State of New York); and in case of your
failure to appear or answer, judgment will be taken against you by default for the relief
demanded in the verified complaint.

Defendants' Addresses:      15-17 CIRCLE HOLDING LLC
c/o Michael Paul Enterprises, LLC
12 Water Street
White Plains, New York 10601

15 CIRCLE RD - MBI LLC
c/o Michael Paul Enterprises, LLC
12 Water Street
White Plains, New York 10601

17 CIRCLE RD - MBI LLC
c/o Michael Paul Enterprises, LLC
12 Water Street
White Plains, New York 10601

MICHAEL PAUL D'ALESSIO
c/o Michael Paul Enterprises, LLC
12 Water Street
White Plains, New York 10601

WILLIAM ORRICO
c/o Michael Paul Enterprises, LLC
12 Water Street
White Plains, New York 10601

MICHAEL PAUL ENTERPRISES, LLC
c/o Michael Paul Enterprises, LLC
12 Water Street
White Plains, New York 10601

MBI PARTNERS LLC
c/o Michael Paul Enterprises, LLC
12 Water Street
White Plains, New York 10601

Dated: New York, New York
March 28, 2018

**ROSENFELD & KAPLAN, LLP**

By:      Tab K. Rosenfeld
         Steven M. Kaplan
         Nicole E. Meyer
         1180 Avenue of the Americas, Suite 1920
         New York, NY 10036
         (212) 682-1400
         *Attorneys for Plaintiffs*

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

------------------------------------------------------------------x

ATTIS PROPERTIES, INC., JOSHUA BROWN,
ANGIE BROWN, PHILIP GOLDSTEIN, ELLEN
GOLDSTEIN, and SANLEY COMPANY,

|  |  |
|---|---|
| Plaintiffs, | Index No.: |
| -against- | **VERIFIED COMPLAINT** |

15-17 CIRCLE HOLDING LLC, 15 CIRCLE
RD - MBI LLC, 17 CIRCLE RD - MBI LLC,
MICHAEL PAUL D'ALESSIO, WILLIAM
ORRICO, MICHAEL PAUL ENTERPRISES, LLC,
and MBI PARTNERS LLC,

Defendants.

------------------------------------------------------------------x

Plaintiffs Attis Properties, Inc., Joshua Brown, Angie Brown, Philip Goldstein, Ellen

Goldstein, and Sanley Company (collectively, the "plaintiffs") for their Verified Complaint

against defendants 15-17 Circle Holding LLC, 15 Circle Rd – MBI LLC, 17 Circle Rd – MBI

LLC, Michael Paul D'Alessio, William Orrico, Michael Paul Enterprises, LLC, and MBI

Partners LLC (collectively, the "defendants"), allege as follows:

## NATURE OF THE ACTION

1.     Plaintiffs bring this action to seek redress from the injury caused by a massive

scheme undertaken by defendant Michael Paul D'Alessio ("D'Alessio") and several entities

owned and/or controlled by him to defraud the plaintiffs, each of whom are investors in a real

estate project devised by defendants located at 15-17 Circle Road, Scarsdale, New York (the

"Circle Road Project")

2.     The defendants purchased the property, which consisted of two adjacent empty

lots, with a plan to build a 6,000+ square-foot luxury home on each of the lots and offer them for

sale upon completion.

18-22552-shl    Doc 33-1    Filed 06/08/18    Entered 06/08/18 16:17:13    Exhibit A
Pg 5 of 24

3.     Plaintiffs were induced by defendants to invest hundreds of thousands of dollars in the Circle Road Project, with such investments being made through 15-17 Circle Holding LLC, which D'Alessio promised would bring in an "equity return" of 12% per year and would allow for quick turn-around on a return of all capital invested.

4.     Rather than putting the funds toward their intended use, however, the defendants, upon information and belief, began siphoning the investor funds for personal use, co-mingling funds earmarked for the Circle Road Project with other projects owned and controlled by D'Alessio, using the assets of 15-17 Circle Holding LLC to finance other D'Alessio-controlled projects, and otherwise engaging in acts of financial malfeasance with regard to the funds entrusted to him by investors.

5.     Having divested 15-17 Circle Holding LLC of its assets, and having looted and misused its funds, the defendants took on massive debt on the property, making a return to the investors an impossibility.  The defendants, nonetheless, continued to represent to the plaintiffs and other investors that the Circle Road Project could still be profitable, and refused to apprise investors as to the actual financial condition or the massive amount of debt that had been incurred.

6.     As a result of defendants' acts of financial defalcation, the Circle Road Project has become overextended.  Because of this, the defendants are seeking in this and in other D'Alessio-controlled projects to sell the properties at a massive loss and utilize the funds realized to advance the defendants' interests, at a total loss to the plaintiffs and other investors.

2

## PARTIES

7.      Plaintiff Attis Properties, Inc. ("Attis") is a New York corporation with offices at 500 Mamaroneck Ave, Harrison, New York 10528. Attis was formerly known as S. & G. Gross Co., Inc. Attis is a member of 15-17 Circle Holding LLC.

8.      Plaintiff Joshua Brown is a Connecticut resident with an address at 15 Tally Ho Lane, Stamford CT, 06905. Joshua Brown, together with his wife Angie Brown, is a member of 15-17 Circle Holding LLC.

9.      Plaintiff Angie Brown is a Connecticut resident with an address at 15 Tally Ho Lane, Stamford CT, 06905. Angie Brown, together with her husband Joshua Brown, is a member of 15-17 Circle Holding LLC.

10.     Plaintiff Philip Goldstein is a New York resident with an address at 3975 Sedgwick Avenue, Apt 4H, Bronx New York 10463. Philip Goldstein, together with his wife Ellen Goldstein, is a member of 15-17 Circle Holding LLC.

11.     Plaintiff Ellen Goldstein is a New York resident with an address at 3975 Sedgwick Avenue, Apt 4H, Bronx New York 10463. Ellen Goldstein, together with her husband Philip Goldstein, is a member of 15-17 Circle Holding LLC.

12.     Plaintiff Sanley Company is a New York partnership with an address at c/o Anchin, Block & Anchin, LLP, Attn: Gene Greenfest, 1375 Broadway, 17th Floor, New York, NY 10018. Sanley Company is a member of 15-17 Circle Holding LLC.

13.     Defendant 15-17 Circle Holding LLC ("Circle Holding") is a domestic limited liability company formed in 2017 as an investment vehicle to develop real property located at 15-17 Circle Road, Scarsdale, New York (the "Property"). Circle Holding lists its office for the conduct of business as c/o Michael Paul Enterprises, LLC, 12 Water Street, White Plains, New

York 10601.  Circle Holding is the sole member of 15 Circle Rd - MBI LLC and 17 Circle Rd -
MBI LLC.

14.     Defendant 15 Circle Rd - MBI LLC ("15 Circle LLC") is a New York limited
liability company with an address at c/o Michael Paul Enterprises, LLC, 12 Water Street, White
Plains, New York 10601.  15 Circle LLC holds title to the portion of the Property located at 15
Circle Road, Scarsdale, New York..

15.     Defendant 17 Circle Rd - MBI LLC ("17 Circle LLC") is a New York limited
liability company with an address at c/o Michael Paul Enterprises, LLC, 12 Water Street, White
Plains, New York 10601.  17 Circle LLC holds title to the portion of the Property located at 17
Circle Road, Scarsdale, New York.

16.     Defendant Michael Paul D'Alessio is a New York resident with a business
address at 12 Water Street, White Plains, New York 10601.  D'Alessio is one of the two "Co-
Managers" of Circle Holding.

17.     Upon information and belief, defendant William Orrico ("Orrico") is a New York
resident with a business address at 12 Water Street, White Plains, New York 10601.  Orrico is
one of the two "Co-Managers" of Circle Holding.

18.     Defendant Michael Paul Enterprises, LLC ("MPE") is a New York limited
liability company with an address at 12 Water Street, White Plains, New York 10601.  Upon
information and belief, MPE is controlled by D'Alessio.

19.     Defendant MBI Partners LLC ("MBI Partners") is a domestic limited liability
company formed in 2017.  Upon information and belief, MBI Partners is controlled by Michael
Paul D'Alessio.  MBI Partners is the managing member of Circle Holding and maintains its
offices at 12 Water Street, #204, White Plains, New York 10601.

## FACTS

20.     Circle Holding was created in 2017 by D'Alessio to acquire the Property through 15 Circle LLC and 17 Circle LLC and to thereafter to build a 6,000+ square-foot home on each of the two parcels to be offered for sale.

21.     Circle Holding is one of a number of real estate investment companies created by D'Alessio (the "D'Alessio Holding Companies").

22.     All of the D'Alessio Holding Companies utilize a similar structure, with D'Alessio or an affiliated company serving as the managing member; with construction to be done by an entity affiliated with D'Alessio, with D'Alessio's office, located at 12 Water Street, White Plains, New York 10601 serving as the office for the Company, with a promised "equity return" of 9% to 16% per year, with a quick turn-around on a return of all capital invested, and with a guarantee as to all construction cost overruns exceeding the amount of the fixed price contracts with D'Alessio's affiliated construction contract.

23.     Each of the D'Alessio Holding Companies are structured so that D'Alessio or his affiliated entities have control over the finances of the D'Alessio Holding Company and the use of the capital secured by such D'Alessio Holding Company.

24.     Circle Holding followed the investment structure used by D'Alessio.

25.     Circle Holding's Confidential Private Placement Memorandum, dated March 30, 2017 (the "PPM") stated that the "Company, through its wholly-owned subsidiaries, the Owners, has entered into written contracts to purchase title to the Premises. The Owners will then develop the Premises by erecting a newly-constructed home on each parcel and offer each new home for sale, although, depending upon market conditions and other factors, the Owners may decide to furnish and rent the homes, or either of them."

5

26.   The PPM stated that "The lots have been approved and building permits have been issued for construction of single-family residences having approximately 6,372 and 6,997 square feet, respectively."

27.   The PPM stated that "The projected date for completion of work on the Premises is approximately 12 months after acquisition."

28.   In the PPM, MBI Partners and D'Alessio represented that the "[p]rojected overall cost of the Project is approximately $5,648,653."

29.   Exhibit 1 to the PPM was a *Pro Forma* statement that provided detail as to the $5,648,653 Project cost.  The *Pro Forma* listed the costs as: Land Purchase Price, $2,200,000; Land Soft Costs, $126,000; Project Soft Costs, $448,318; Project Hard Costs, $ 2,874,335.

30.   The *Pro Forma* also listed the source of funding for the Project Costs as: Senior Debt, $2,800,000; Managing Member's Capital Contribution, $548,653; and Investors' Capital Contributions, $2,300,000.

31.   The PPM stated in Section J, paragraph 1, that the construction of the Project would be done by MPE, an affiliate of D'Alessio, for a "fixed price in the amount of $2,874,335," and provided that the "Co-Managers have personally guaranteed payment of hard costs of construction in excess of the contract sum."

32.   The PPM provided that "Members of the Company, other than the Managing Member . . . are entitled to (a) an Equity Return of 12% per annum, payable monthly on the amount of their Capital Contribution, beginning as of the date such Capital Contribution is actually fully paid to the Company, until repayment in full of the such Capital Contribution; and (b) return of the full amount of their Capital Contributions within 12 months and prior to the Managing Member receiving return of any portion of its Capital Contribution."

6

18-22552-shl    Doc 33-1    Filed 06/08/18    Entered 06/08/18 16:17:13    Exhibit A
Pg 10 of 24

33.    The PPM provided that "Payment of the Investors' Equity Return and repayment of Capital Contributions in accordance with the foregoing will be guaranteed personally by the Co-Managers."

34.    The PPM identified MBI Partners as the managing member of Circle Holding, and identified D'Alessio and Orrico as co-managers.

35.    The PPM provided that while funds raised or acquired by Circle Holding could be maintained in a "general account," that such funds would "be in the Company control and may be used for Company purposes."

36.    Based on the promises and representations made by D'Alessio, each of the plaintiffs invested in Circle Holding.

37.    On or about April 3, 2017, plaintiff Attis executed a subscription agreement for 5 "units" in Circle Holding at a total price of $250,000.

38.    Plaintiffs Joshua and Angie Brown jointly executed a subscription agreement for 1 "unit" in Circle Holding at a total price of $50,000.

39.    Plaintiffs Philip and Ellen Goldstein jointly executed a subscription agreement for 1 "unit" in Circle Holding at a total price of $50,000

40.    On or about April 5, 2017, plaintiff Sanley Company executed a subscription agreement for 5 "units" in Circle Holding at a total price of $250,000.

41.    Following each of the plaintiffs' entry into the subscription agreements, each of the plaintiffs and MBI Partners thereafter entered into an Operating Agreement for Circle Holding (the "Operating Agreement"). D'Alessio, on behalf of MBI Partners and individually as a "Guarantor," signed the Operating Agreement. Orrico, on behalf of MBI Partners and individually as a "Guarantor," signed the Operating Agreement.

7

FILED: WESTCHESTER COUNTY CLERK 03/28/2018 01:23 PM
NYSCEF DOC. NO. 2
18-22552-shl    Doc 33-1    Filed 06/08/18    Entered 06/08/18 16:17:13    Exhibit A
Pg 11 of 24
INDEX NO. 54583/2018
RECEIVED NYSCEF: 03/28/2018

42.     Paragraph 6 of the Operating Agreement afforded MBI Partners, as managing member, with "full and complete authority, power and discretion" to control all of Circle Holding's affairs, including full control over the financial affairs Circle Holding and the use of investments and funds acquired by it.

**Defendants' Financial Defalcations**

43.     D'Alessio structured the investment so that money from investors would flow into Circle Holding and would be funneled to 15 Circle LLC and 17 Circle LLC, and then to MPE, purportedly for work to be done on the Circle Road Project.

44.     At the time that D'Alessio and the defendants were soliciting investments from the plaintiffs and others, he was also soliciting investments on other D'Alessio-sponsored investments and/or attempting to develop those investments.

45.     At the time that he was soliciting investments from the plaintiffs and others, D'Alessio lacked the financing to meet his obligations on his multiple projects, did not have the ability to satisfy his personal obligations, and could not timely complete any of his promised developments in order to return either capital to his investors or pay the promised preferential return.

46.     Per the PPM, MBI Partners, as managing member, represented that it would invest $548,653 as its equity contribution, and accounted for these funds as part of the required capitalization for this Project.

47.     MBI Partners has failed to contribute any of its equity investment, and the books and records of Circle Holding do not reflect any equity contributed by MBI Partners.

48.    On or about April 3, 2017, MPE sent an "Investor Newsletter" via e-mail to investors, stating "In the next 30 days we plan to close on the vacant lots and obtain permits to begin construction."

49.    On or about July 17, 2017, MPE sent an "Investor Newsletter" via email to investors, stating as the status of the Project: "We closed on the property, obtained our building permits and have begun construction."

50.    The books and records of 15 Circle LLC and 17 Circle LLC reflect that from March 2017 through February 2018, MPE billed a total of $1,576,004 for construction hard costs.

51.    As of February 22, 2018, $1,344,638 had been paid to MPE for construction, with $231,366 payable outstanding.

52.    Included in MPE's construction charges were charges of $415,740 for construction on the 15 Circle Road parcel.

53.    On information and belief, little, if any, construction has done on the 15 Circle Road parcel.

54.    MPE has billed $1,160,362 in construction charges for 17 Circle Road. Upon information and belief, only a fraction of the work billed was actually performed.

55.    The books and records of Circle Holding reflect that in April and May, 2017, D'Alessio "borrowed" approximately $2.3 from Circle Holding.

56.    Neither the PPM nor the Operating Agreement of Circle Holding provide for the use of Circle Holding's funds for any purpose other than the development of the Circle Road Project.

FILED: WESTCHESTER COUNTY CLERK 03/28/2018 01:23 PM
NYSCEF DOC. NO. 2

18-22552-shl   Doc 33-1   Filed 06/08/18   Entered 06/08/18 16:17:13   Exhibit A
Pg 13 of 24

INDEX NO. 54583/2018
RECEIVED NYSCEF: 03/28/2018

57.     In or about July, 2017, the books and records of Circle Holding reflect an "investment" of $2.3 million by D'Alessio, thereby negating the amounts "borrowed."

58.     D'Alessio did not disclose to the plaintiffs that funds belonging to Circle Holding had been used for a purpose other than the development of the Circle Road Project.

59.     The "guaranteed" "equity return" promised in the PPM and provided for in the Operating Agreement was discontinued to plaintiffs and other investors.

60.     Despite an obligation to provide annual financial statements, neither D'Alessio nor any of the defendants ever provided such information to the plaintiffs, choosing instead to conceal their financial improprieties.

61.     Upon information and belief, defendants are attempting to sell the Property and extinguish their obligations to the investors in Circle Holding.

62.     Upon information and belief, substantial funds were transferred from 15 Circle LLC and 17 Circle LLC to MPE, where such funds were co-mingled with funds of other D'Alessio Holding Companies and/or diverted to D'Alessio or other entities owned, operated, or controlled by him.

63.     Upon information and belief, funds were taken by the defendants for construction that did not take place.

64.     Upon information and belief, the defendants utilized the funds Circle Holding to pay for fictitious expenses in order to conceal the misuse of funds belonging to Circle Holding.

65.     Upon information and belief, and given the lack of an available revenue source, D'Alessio used funds invested by the plaintiffs and earmarked for the Circle Road Project for his own personal use.

18-22552-shl    Doc 33-1    Filed 06/08/18    Entered 06/08/18 16:17:13    Exhibit A
Pg 14 of 24

66.    Over the past weeks, D'Alessio has liquidated or sold properties of other D'Alessio-sponsored investments at a fraction of the value he had placed on such properties and in a manner designed to simply free D'Alessio and his managing member entity of any guarantees to the first mortgagor, and to divest investors of 100% of their capital.

### FIRST CAUSE OF ACTION
(Fraud as Against Defendants D'Alessio, Orrico, Circle Holding, and MBI Partners)

67.    Plaintiffs repeat, reallege and incorporate each and every allegation contained in paragraphs 1 to 66 above, as if fully set forth herein.

68.    To induce the plaintiffs to invest in Circle Holding, D'Alessio and Orrico, on behalf of themselves and on behalf of Circle Holding, and MBI Partners, made multiple misrepresentations, including, without limitation:

    a.  That the funds raised by Circle Holding would be used exclusively on behalf of Circle Holding and would not be co-mingled with funds belonging to other D'Alessio-sponsored investments, or used for any other purposes;

    b.  That the Project would be completed within 12 months;

    c.  That the funds invested would only be used for the Circle Road Project;

    d.  That MBI Partners, as managing member, would invest $548,653 as its equity contribution;

    e.  That MBI Partners' equity contribution was an accounted for component of the required capitalization for this Project.

    f.  That the full capital of each investor would be returned within 12 months;

    g.  That D'Alessio and Orrico personally guaranteed the payment to each investor of the full amount of capital invested, and the payment of the all preferred returns.

11

69.     The foregoing representations were false and D'Alessio and Orrico, on behalf of themselves, Circle Holding, and MBI Partners, made these representations knowing them to be false.

70.     At the time that they were making these statements to induce investments in Circle Holding, D'Alessio and Orrico knew:

   a.  that money raised by Circle Holding would be comingled with funds raised for other D'Alessio-sponsored investments and that such funds would be used to finance other D'Alessio-sponsored investments and meet the obligations of other D'Alessio-sponsored investments;

   b.  that the Circle Road Project could not be completed within 12 months;

   c.  that funds raised by Circle Holding would be "loaned" to D'Alessio;

   d.  that the Circle Road Project could not be completed, or substantially completed, in a timeframe that would make the repayment of capital possible within 12 months; and

   e.  that D'Alessio and Orrico lacked the ability to satisfy their personal guarantees, and thus that the promise of D'Alessio's and Orrico's personal guarantee was a fiction which provided no protection for investors.

71.     D'Alessio and Orrico, on behalf of themselves, Circle Holding, and MBI Partners, made these representations to the plaintiffs in order to induce them to invest the Circle Road Project.

72.     Plaintiffs reasonably relied on the accuracy of the information provided to them by D'Alessio and Orrico, on behalf of themselves, Circle Holding, and MBI Partners.

12

73.     As a direct and proximate result of the fraud, plaintiffs have been damaged in an amount to be determined at trial, but not less than $1,000,000, with interest thereon.

74.     The conduct of Circle Holding, D'Alessio, Orrico, and MBI Partners was willful, wanton and in reckless disregard of plaintiffs' rights, entitling plaintiffs to an award of punitive damages in a presently undetermined amount, the exact amount to be determined upon a full trial on the merits.

### SECOND CAUSE OF ACTION
(Conspiracy to Defraud against all Defendants)

75.     Plaintiffs repeat, reallege and incorporates each of the allegations set forth in paragraphs 1 through 74 above, as if fully set forth in full herein.

76.     Defendants formed and operated an unlawful conspiracy among associated companies, associates, and managers to defraud plaintiffs as described above.

77.     D'Alessio devised the overall objective of the conspiracy, and each of the other defendants agreed to the overall objective of the conspiracy, or agreed to commit personally, acts in furtherance of the fraudulent scheme.

78.     The objective of the conspiracy was to induce the plaintiffs to invest in Circle Holding based on the false and fraudulent representations set forth above.

79.     Each of the defendants participated fully in the conspiracy, as the funds fraudulently induced were transferred from Circle Holding to 15 Circle LLC and 17 Circle LLC and then to MPE, which thereafter wrongfully utilized such funds to make payments to D'Alessio and to satisfy D'Alessio's obligations, and the obligations of other D'Alessio-controlled entities, unrelated to Circle Holding or the Circle Road Project.

13

80.     In furtherance of this conspiracy, D'Alessio and Orrico, acting on behalf of each of the defendants, made the false and fraudulent statements set forth above, and thereafter conspired to loot the funds invested by the plaintiffs.

81.     Through concerted action, as agreed upon among associated companies, associates and managers, as described above, defendants in fact engaged in conduct violative of plaintiffs' rights.

82.     Defendants intended these actions to occur and intended to cause injury to plaintiffs as a part of their conspiratorial scheme.

83.     By virtue of the formation and operation of this unlawful conspiracy, and as a consequence of the above-described wrongful acts and conduct and the harm caused to plaintiffs, defendants are liable for the above-described acts committed by each conspirator.

84.     As a result of these acts and conduct, plaintiffs have suffered and will continue to suffer financial harm.  By virtue of the foregoing, plaintiffs are entitled to recover damages in an amount to be determined at trial, but believed to be in excess of $1,000,000, plus interest and costs.

85.     Defendants' conduct as, described above, was willful, wanton, and undertaken in reckless disregard of the plaintiffs' rights, entitling plaintiffs to an award of punitive damages in a presently undetermined amount, the exact amount to be determined upon a full trial on the merits.

### THIRD CAUSE OF ACTION
(Unjust Enrichment against all D'Alessio, Orrico, 15 Circle LLC, 17 Circle LLC, and MPE)

86.     Plaintiffs repeat, reallege and incorporates each of the allegations set forth in paragraphs 1 through 85 above, as if fully set forth in full herein.

14

87.     Defendants D'Alessio, Orrico, 15 Circle LLC, 17 Circle LLC, and MPE caused funds that were intended for the development of the Circle Road Project to be diverted for improper purposes, including, without limitation, to other D'Alessio-controlled projects and to D'Alessio personally.

88.     Such funds included funds paid to MPE for construction that was not performed, advances to D'Alessio and MPE, funds allegedly used to pay fictitious invoices, funds used for "loans," and other funds wrongfully taken from Circle Holding.

89.     By the wrongful acts and omissions alleged above, these defendants received funds to which they were not entitled, and were unjustly enriched at the expense of and to the detriment of plaintiffs.

90.     The circumstances are such that it is inequitable for these defendants to retain the benefit conferred upon them.  No other remedy at law can adequately compensate plaintiffs for the economic damages resulting to them from the defendants' wrongful actions as alleged herein.

91.     By virtue of the foregoing, plaintiffs seek damages in an amount to be determined at trial, but believed to be in excess of $1,000,000, plus interest and costs.

### FOURTH CAUSE OF ACTION
(Conversion against all Defendants)

92.     Plaintiffs repeat, reallege, and incorporate each of the allegations set forth in paragraphs 1 through 91 above, as if fully set forth in full herein.

93.     Plaintiffs invested funds into Circle Holding for the purposes of construction and development of the Circle Road Project and to secure the returns that were promised.

94.     Each of the defendants wrongfully misappropriated the invested funds for their own benefit and to the detriment of plaintiffs.

FILED: WESTCHESTER COUNTY CLERK 03/28/2018 01:23 PM
INDEX NO. 54583/2018
NYSCEF DOC. NO. 2
18-22552-shl    Doc 33-1    Filed 06/08/18    Entered 06/08/18 16:17:13    Exhibit A
Pg 19 of 24
RECEIVED NYSCEF: 03/28/2018

95.     As a proximate result of defendants' acts of conversion, plaintiffs have been deprived of their rights, and have suffered damages in an amount to be determined, but believed to be in excess of $1,000,000, plus interest and costs.

96.     By virtue of the foregoing, plaintiffs seek damages from defendants in an amount to be determined at trial, but believed to be in excess of $1,000,000, plus interest and costs.

## **FIFTH CAUSE OF ACTION**
(Breach of Guaranty against D'Alessio and Orrico)

97.     Plaintiffs repeat, reallege, and incorporate each and every allegation contained in paragraphs 1 to 96 above, as if fully set forth herein.

98.     The PPM provided that "Payment of the Investors' Equity Return and repayment of Capital Contributions in accordance with the foregoing will be guaranteed personally by the Co-Managers."

99.     At all times, Orrico and D'Alessio have served as Co-Managers of Circle Holding.

100.    D'Alessio and Orrico each executed the Operating Agreement individually, as "Guarantor," guaranteeing the payment of the both the investor equity as well as the return on money invested.

101.    Circle Holding has discontinued the payment of the return on investor equity.

102.    There remains due and owing to the plaintiffs unpaid returns on the equity invested in an amount to be determined at trial.

103.    There remains due and owing to the plaintiffs unrepaid investor capital of at least $600,000.

16

FILED: WESTCHESTER COUNTY CLERK 03/28/2018 01:23 PM
INDEX NO. 54583/2018
NYSCEF DOC. NO. 2
18-22552-shl    Doc 33-1    Filed 06/08/18    Entered 06/08/18 16:17:13    Exhibit A
RECEIVED NYSCEF: 03/28/2018
Pg 20 of 24

104.    By virtue of the foregoing, plaintiffs are entitled to the recovery of damages as against D'Alessio and Orrico in an amount to be determined at trial, but believed to be excess of $650,000, plus interest and costs.

## SIXTH CAUSE OF ACTION
(Breach of Contract as against Circle Holding)

105.    Plaintiffs repeat, reallege, and incorporate each and every allegation contained in paragraphs 1 to 104 above, as if fully set forth herein.

106.    The Operating Agreement of Circle Holding constitutes a valid and binding contract between plaintiffs and defendant Circle Holding.

107.    Plaintiffs have performed all of their material obligations under that contract.

108.    Circle Holding has breached its obligations to plaintiffs under the contract by failing to pay the returns on equity invested.

109.    Circle Holding has breached its obligations to plaintiffs under the contract by failing to repay investor capital of at least $650,000.

110.    By virtue of the foregoing, plaintiffs are entitled to the recovery of damages as against Circle Holding in an amount to be determined at trial, but believed to be excess of $650,000, plus interest and costs.

## SEVENTH CAUSE OF ACTION
(For a Constructive Trust against D'Alessio, Orrico, 15 Circle LLC, 17 Circle LLC, and MPE)

111.    Plaintiffs repeat, reallege, and incorporate each and every allegation contained in paragraphs 1 to 110 above, as if fully set forth herein.

112.    Pursuant to the terms of the Operating Agreement, D'Alessio, Orrico, and MBI Partners were fiduciaries obligated to act in the best interest of Circle Holding and its investors.

17

FILED: WESTCHESTER COUNTY CLERK 03/28/2018 01:23 PM
NYSCEF DOC. NO. 2

INDEX NO. 54583/2018
RECEIVED NYSCEF: 03/28/2018

18-22552-shl    Doc 33-1    Filed 06/08/18    Entered 06/08/18 16:17:13    Exhibit A
Pg 21 of 24

113.    D'Alessio, Orrico, and MBI Partners, on behalf of themselves and 15 Circle LLC, 17 Circle LLC and MPE, expressly promised that they would utilize the funds invested by plaintiffs and other investors, and the funds obtained from other sources, solely for the development of the Circle Road Project and not to enrich themselves.

114.    The plaintiffs invested in Circle Holding in reliance on the representations made to them in the PPM and by D'Alessio, Orrico, and MBI Partners.

115.    D'Alessio has threatened to turn over the Property to its secure lenders simply to relieve himself of potential liability to such lenders, and to divest the plaintiffs and all other investors of 100% of their equity.

116.    Upon information and belief, D'Alessio is attempting to sell the Property to pay off his obligations and to divest the plaintiffs and all other investors of 100% of their equity.

117.    A constructive trust should be imposed to prevent the defendants from being unjustly enriched by obtaining the proceeds of a sale of the Property and using said proceeds to satisfy their obligations while simultaneously stripping the plaintiffs of all of their capital and all of their interest in the Property.

118.    Accordingly, a constructive trust should be imposed with respect to the Property and any proceeds derived from the sale of said Property.

## EIGHTH CAUSE OF ACTION
(Preliminary and Permanent Injunction as Against All Defendants)

119.    Plaintiffs repeat, reallege, and incorporate paragraphs 1 through 118 above as if fully set forth herein.

120.    In furtherance of his fraudulent scheme, D'Alessio and the other defendants have left the Property financially overextended, are seeking to dispose of the Property at a massive

discount and in a manner designed to rid D'Alessio and his managing member entity of any

guarantees to the first mortgagor, and thereby to divest the investors of their capital.

121.    Unless defendants are restrained and enjoined from the transfer and/or sale of the

Property, plaintiffs will suffer irreparable harm, in that plaintiffs will be divested of their capital

interest in the Property.

122.    Plaintiffs have no adequate remedy at law.

123.    Accordingly, plaintiffs are entitled to an Order preliminary and permanently

enjoining and restraining defendants from selling or otherwise transferring the Property.

**WHEREFORE**, it is respectfully requested that an Order be entered:

a.    On the First Cause of Action as against defendants D'Alessio, Orrico, Circle

Holding, and MBI Partners, awarding plaintiffs damages in an amount to be determined at trial,

but not less than $1,000,000, with interest thereon, as well as punitive damages in an amount to

be determined at trial;

b.    On the Second Cause of Action, awarding plaintiffs damages in an amount to be

determined at trial, but not less than $1,000,000, with interest thereon, as well as punitive

damages in an amount to be determined at trial;

c.    On the Third Cause of Action as against defendants D'Alessio, Orrico, 15 Circle

LLC, 17 Circle LLC, and MPE, awarding plaintiffs damages in an amount to be determined at

trial, but not less than $1,000,000, with interest thereon;

d.    On the Fourth Cause of Action, awarding plaintiffs damages in an amount to be

determined at trial, but not less than $1,000,000, with interest thereon;

e.    On the Fifth Cause of Action as against D'Alessio and Orrico, awarding plaintiffs

damages in an amount to be determined at trial but not less than $650,000, with interest thereon;

19

f.      On the Sixth Cause of Action as against Circle Holding, awarding plaintiffs damages in an amount to be determined at trial but not less than $650,000, with interest thereon;

g.      On the Seventh Cause of Action as against defendants D'Alessio, Orrico, 15 Circle LLC, 17 Circle LLC, and MPE, imposing a constructive trust with respect to the real property located at 15-17 Circle Road, Scarsdale, New York, or with respect to any proceeds paid as a result of any sale of the real property located at 15-17 Circle Road, Scarsdale, New York;

h.      On the Eighth Cause of Action, issuing an Order preliminarily and permanently enjoining and restraining defendants from selling or otherwise transferring the real property located at 15-17 Circle Road Scarsdale, New York;

i.      Awarding the costs and fees, including reasonable attorneys' fees, to the plaintiffs; and

j.      Awarding such other and further relief as is just and proper.

Dated: New York, New York
      March 27, 2018

**ROSENFELD & KAPLAN, LLP**

By: _Tab K. Rosenfeld_

Tab K. Rosenfeld
Steven M. Kaplan
Nicole E. Meyer
1180 Avenue of the Americas
Suite 1920
New York, New York 10036
(212) 682-1400
*Attorneys for the plaintiffs*

FILED: WESTCHESTER COUNTY CLERK 03/28/2018 01:23 PM
INDEX NO. 54583/2018
NYSCEF DOC. NO. 2
RECEIVED NYSCEF: 03/28/2018

18-22552-shl    Doc 33-1    Filed 06/08/18    Entered 06/08/18 16:17:13    Exhibit A
Pg 24 of 24

## VERIFICATION

STATE OF ~~NEW YORK~~ Florida )
        Miami-Dade ) ss.:
COUNTY OF ~~WESTCHESTER~~ )

 MICHAEL KOHN, being duly sworn, deposes and says:

 I am an officer of the plaintiff Attis Properties, Inc. in this action.  I have read the

foregoing Verified Complaint and know the contents thereof; the same is true to my own

knowledge, except as to the matters therein stated to be alleged upon information and belief, and

as to those matters, I believe them to be true.



            Michael Kohn

Sworn to me before me this
 day of March, 2018    March 27

Brian Bean
Notary Public

drivers license #
184 701 478

BRIAN BEAN
Notary Public - State of Florida
Commission # GG 031741
My Comm. Expires Nov 12, 2020
Bonded through National Notary Assn.