# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
---------------------------------------------------------------------x
ATTIS PROPERTIES, INC., KEITH HUMMEL,
and PHILIP HEALY,

                                    Plaintiffs,

                -against-

41-45 MPR HOLDING LLC, 41 MIDDLE POND ROAD
ASSOCIATES LLC, 43 MIDDLE POND ROAD
ASSOCIATES LLC, 45 MIDDLE POND ROAD
ASSOCIATES LLC, MICHAEL PAUL D'ALESSIO,
MICHAEL PAUL ENTERPRISES, LLC, and
3700 TREMONT ASSOCIATES, INC.,

                                     Defendants.
---------------------------------------------------------------------x

Plaintiffs designate Westchester
County as the Place of Trial

Index No.:

**SUMMONS**

To the above named Defendants:

      **YOU ARE HEREBY SUMMONED** to answer the verified complaint in this action and
to serve a copy of your answer, or, if the verified complaint is not served with this summons, to
serve a notice of appearance, on the Plaintiffs' Attorney(s) within 20 days after the service of this
summons, exclusive of the day of service (or within 30 days after the service is complete if this
summons is not personally delivered to you within the State of New York); and in case of your
failure to appear or answer, judgment will be taken against you by default for the relief
demanded in the verified complaint.

Defendants' Addresses:       41-45 MPR HOLDING LLC
                            c/o Michael Paul Enterprises, LLC
                            12 Water Street
                            White Plains, New York 10601

                            41 MIDDLE POND ROAD ASSOCIATES LLC
                            c/o Michael Paul Enterprises, LLC
                            12 Water Street
                            White Plains, New York 10601

                            43 MIDDLE POND ROAD ASSOCIATES LLC
                            c/o Michael Paul Enterprises, LLC
                            12 Water Street
                            White Plains, New York 10601

FILED: WESTCHESTER COUNTY CLERK 03/27/2018 04:01 PM
INDEX NO. 54513/2018
NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 03/27/2018

18-22552-shl   Doc 33-2   Filed 06/08/18   Entered 06/08/18 16:17:13   Exhibit B
Pg 3 of 23

45 MIDDLE POND ROAD ASSOCIATES LLC
c/o Michael Paul Enterprises, LLC
12 Water Street
White Plains, New York 10601

MICHAEL PAUL D'ALESSIO
c/o Michael Paul Enterprises, LLC
12 Water Street
White Plains, New York 10601

MICHAEL PAUL ENTERPRISES, LLC
c/o Michael Paul Enterprises, LLC
12 Water Street
White Plains, New York 10601

3700 TREMONT ASSOCIATES, INC.
c/o Michael Paul Enterprises, LLC
12 Water Street
White Plains, New York 10601

Dated: New York, New York
       March 27, 2018

**ROSENFELD & KAPLAN, LLP**

By:     Tab K. Rosenfeld
        Steven M. Kaplan
        Nicole E. Meyer
        1180 Avenue of the Americas, Suite 1920
        New York, NY 10036
        (212) 682-1400
        *Attorneys for Plaintiffs*

2

FILED: WESTCHESTER COUNTY CLERK 03/27/2018 04:01 PM
NYSCEF DOC. NO. 2

INDEX NO. 54513/2018
RECEIVED NYSCEF: 03/27/2018

18-22552-shl    Doc 33-2    Filed 06/08/18    Entered 06/08/18 16:17:13    Exhibit B
Pg 4 of 23

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

-----------------------------------------------------------------x

ATTIS PROPERTIES, INC., KEITH HUMMEL,
and PHILIP HEALY,

                              Plaintiffs,                          Index No.:

              -against-                                     **VERIFIED COMPLAINT**

41-45 MPR HOLDING LLC, 41 MIDDLE POND ROAD
ASSOCIATES LLC, 43 MIDDLE POND ROAD
ASSOCIATES LLC, 45 MIDDLE POND ROAD
ASSOCIATES LLC, MICHAEL PAUL D'ALESSIO,
MICHAEL PAUL ENTERPRISES, LLC, and
3700 TREMONT ASSOCIATES, INC.,

                              Defendants.

-----------------------------------------------------------------x

        Plaintiffs Attis Properties, Inc., Keith Hummel, and Philip Healy (collectively, the

"plaintiffs") for their Verified Complaint against defendants 41-45 MPR Holding LLC, 41

Middle Pond Road Associates LLC, 43 Middle Pond Road Associates LLC, 45 Middle Pond

Road Associates LLC, Michael Paul D'Alessio, Michael Paul Enterprises, LLC, and 3700

Tremont Associates, Inc. (collectively, the "defendants"), allege as follows:

### NATURE OF THE ACTION

        1.      Plaintiffs bring this action to seek redress from the injury caused by a massive

scheme undertaken by defendant Michael Paul D'Alessio ("D'Alessio") and several entities

owned and/or controlled by him to defraud the plaintiffs, each of whom are investors in a real

estate project devised by defendants located at 41-45 Middle Pond Road, Southampton, New

York (the "MPR Project")

        2.      The defendants purchased the property, which consisted of three adjacent lots,

with a plan to build a 6,000+ square-foot luxury home on each of the lots and offer them for sale

upon completion.

3.      Plaintiffs were induced by defendants to invest hundreds of thousands of dollars in the MPR Project, with such investments being made through 41-45 MPR Holding LLC, which D'Alessio promised would bring in an "equity return" of 12% per year and would allow for quick turn-around on a return of all capital invested.

4.      Rather than putting the funds toward their intended use, however, the defendants, upon information and belief, began siphoning the investor funds for personal use, co-mingling funds earmarked for the MPR Project with other projects owned and controlled by D'Alessio, using the assets of 41-45 MPR Holding LLC to finance other D'Alessio-controlled projects, and otherwise engaging in acts of financial malfeasance with regard to the funds entrusted to him by investors.

5.      Having divested 41-45 MPR Holding LLC of its assets, and having looted and misused its funds, the defendants took on massive debt on the property, making a return to the investors an impossibility.  The defendants, nonetheless, continued to represent to the plaintiffs and other investors that the MPR Project could still be profitable, and refused to apprise investors as to the actual financial condition or the massive amount of debt that had been incurred.

6.      As a result of defendants' acts of financial defalcation, the MPR Project has become overextended.  Because of this, the defendants are seeking in this and in other D'Alessio-controlled projects to sell the properties at a massive loss and utilize the funds realized to advance the defendants' interests, at a total loss to the plaintiffs and other investors.

## PARTIES

7.      Plaintiff Attis Properties, Inc. ("Attis") is a New York corporation with offices at 500 Mamaroneck Ave, Harrison, New York 10528.  Attis was formerly known as S. & G. Gross Co., Inc.  Attis is a member of 41-45 MPR Holding LLC.

2

8.      Plaintiff Keith Hummel ("Hummel") is a New York resident with an address at 10 Carriage Hill Road, West Harrison, NY 10604.  Hummel is a member of 41-45 MPR Holding LLC.

9.      Plaintiff Philip Healy ("Healy") is a New Hampshire resident with an address at 12 Knoll Crest, Bedford, NH.  Healy is a member of 41-45 MPR Holding LLC.

10.      Defendant 41-45 MPR Holding LLC ("MPR Holding") is a domestic limited liability company formed in 2017 as an investment vehicle to develop real property located at 41-45 Middle Pond Road, Westhampton, New York (the "Property").  MPR Holding lists its office for the conduct of business as c/o Michael Paul Enterprises, LLC, 12 Water Street, White Plains, New York 10601.  MPR Holding is the sole member of 41 Middle Pond Road Associates LLC, 43 Middle Pond Road Associates LLC, and 45 Middle Pond Road Associates LLC.

11.      Defendant 41 Middle Pond Road Associates LLC ("41 Associates") is a New York limited liability company with an address at c/o Michael Paul Enterprises, LLC, 12 Water Street, White Plains, New York 10601.  41 Associates holds title to the portion of the Property located at 41 Middle Pond Road, Southampton, New York.

12.      Defendant 43 Middle Pond Road Associates LLC ("43 Associates") is a New York limited liability company with an address at c/o Michael Paul Enterprises, LLC, 12 Water Street, White Plains, New York 10601.  43 Associates holds title to the portion of the Property located at 43 Middle Pond Road, Southampton, New York.

13.      Defendant 45 Middle Pond Road Associates LLC ("45 Associates") is a New York limited liability company with an address at c/o Michael Paul Enterprises, LLC, 12 Water Street, White Plains, New York 10601.  45 Associates holds title to the portion of the Property located at 45 Middle Pond Road, Southampton, New York.

3

18-22552-shl    Doc 33-2    Filed 06/08/18    Entered 06/08/18 16:17:13    Exhibit B
Pg 7 of 23

14.     Defendant Michael Paul D'Alessio is a New York resident with a business address at 12 Water Street, White Plains, New York 10601.  D'Alessio is the manager of MPR Holding.

15.     Defendant Michael Paul Enterprises, LLC ("MPE") is a New York limited liability company with an address at 12 Water Street, White Plains, New York 10601. Upon information and belief, MPE is controlled by D'Alessio.

16.     Defendant 3700 Tremont Associates, Inc. ("Tremont") is a domestic corporation formed in 1999.  Upon information and belief, Tremont is controlled by Michael Paul D'Alessio. Tremont is the managing member of MPR Holding and maintains its offices at 12 Water Street, #204, White Plains, New York 10601.

## FACTS

17.     MPR Holding was created in 2017 by D'Alessio to acquire the Property through 41 Associates, 43 Associates, and 45 Associates, which consisted of three adjacent lots, one of which was vacant and the other two of which were each improved by a modest, single-family home, to demolish any existing improvements, and to thereafter to build a 6,000+ square-foot home on each of the three parcels to be offered for sale upon completion.

18.     MPR Holding is one of a number of real estate investment companies created by D'Alessio (the "D'Alessio Holding Companies").

19.     All of the D'Alessio Holding Companies utilize a similar structure, with D'Alessio or an affiliated company serving as the managing member; with construction to be done by an entity affiliated with D'Alessio, with D'Alessio's office, located at 12 Water Street, White Plains, New York 10601 serving as the office for the Company, with a promised "equity return" of 9% to 16% per year, with a quick turn-around on a return of all capital invested, and

FILED: WESTCHESTER COUNTY CLERK 03/27/2018 04:01 PM
NYSCEF DOC. NO. 2

INDEX NO. 54513/2018
RECEIVED NYSCEF: 03/27/2018

18-22552-shl    Doc 33-2    Filed 06/08/18    Entered 06/08/18 16:17:13    Exhibit B
Pg 8 of 23

with a guarantee as to all construction cost overruns exceeding the amount of the fixed price contracts with D'Alessio's affiliated construction contract.

20.     Each of the D'Alessio Holding Companies are structured so that D'Alessio or his affiliated entities have control over the finances of the D'Alessio Holding Company and the use of the capital secured by such D'Alessio Holding Company.

21.     MPR Holding followed the investment structure used by D'Alessio.

22.     MPR Holding's Confidential Private Placement Memorandum, dated September 14, 2017 (the "PPM") stated that the "Company will acquire 100% of the membership interests in the Owners from the current holders of such interests. The Owners will then develop the Premises by demolishing existing improvements, if any, and erecting a newly constructed, approximately 6,000 square foot luxury home (each, a "Home") on each parcel."

23.     The PPM stated that "The Manager is in the process of seeking building permits for the Project. The projected date for completion of construction of the new homes is approximately 12-18 months from the date of this Offering."

24.     In the PPM, D'Alessio and Tremont represented that the "[p]rojected overall cost of the Project is approximately $11,620,000."

25.     Exhibit 1 to the PPM was a *Pro Forma* statement that provided detail as to the $11,620,000 Project cost. The *Pro Forma* listed the costs as: Land Purchase Price, $2,460,000; Land Soft Costs, $460,000; Project Soft Costs, $1,680,000; Project Hard Costs, $7,020,000.

26.     The *Pro Forma* also listed the source of funding for the Project Costs as: Mortgage, $5,100,000; Manager's Capital Contribution, $1,520,000; and Investors' Capital Contributions, $5,000,000.

5

27.     The PPM stated in Section J, paragraph 1, that the construction of the Project would be done by MPE, an affiliate of D'Alessio, for a "fixed price in the amount of $7,020,000" and provided that "D'Alessio has personally guaranteed payment of hard costs of construction in excess of the contract sum."

28.     The PPM provided that "Members of the Company, other than the Manager . . . are entitled to (a) an Equity Return of 12% per annum, payable monthly on the amount of their Capital Contribution, beginning as of the date such Capital Contribution is actually fully paid to the Company, until repayment in full of the such Capital Contribution; and (b) return of the full amount of their Capital Contributions within 24 months and prior to the Manager receiving return of any portion of its Capital Contribution."

29.     The PPM provided that "Payment of the Investors' Equity Return and repayment of Capital Contributions in accordance with the foregoing will be guaranteed personally by the Manager."

30.     The PPM identified D'Alessio as the "Manager."

31.     The PPM provided that while funds raised or acquired by MPR Holding could be maintained in a "general account," that such funds would "be in the Company control and may be used for Company purposes."

32.     Based on the promises and representations made by D'Alessio, each of the plaintiffs invested in MPR Holding.

33.     On or about September 14, 2017, plaintiff Attis executed a subscription agreement for 4 "units" in MPR Holding at a total price of $200,000.

34.     Plaintiff Hummel executed a subscription agreement for 2 "units" in MPR Holding at a total price of $100,000.

6

FILED: WESTCHESTER COUNTY CLERK 03/27/2018 04:01 PM
NYSCEF DOC. NO. 2

INDEX NO. 54513/2018
RECEIVED NYSCEF: 03/27/2018

18-22552-shl    Doc 33-2    Filed 06/08/18    Entered 06/08/18 16:17:13    Exhibit B
Pg 10 of 23

35.     On or about September 15, 2017, plaintiff Healy executed a subscription agreement for 5 "unites" in MPR Holding at a total price of $250,000.

36.     Following each of the plaintiffs' entry into the subscription agreements, each of the plaintiffs and Tremont thereafter entered into an Operating Agreement for MPR Holding (the "Operating Agreement").  D'Alessio, on behalf of Tremont and individually as a "Guarantor," signed the Operating Agreement.

37.     Paragraph 6 of the Operating Agreement afforded D'Alessio, as manager, with "full and complete authority, power and discretion" to control all of MPR Holding's affairs, including full control over the financial affairs MPR Holding and the use of investments and funds acquired by it.

**Defendants' Financial Defalcations**

38.     D'Alessio structured the investment so that money from investors would flow into MPR Holding and would be funneled to 41 Associates, 43 Associates, and 45 Associates, and then to MPE, purportedly for work to be done on the MPR Project.

39.     At the time that D'Alessio and the defendants were soliciting investments from the plaintiffs and others, he was also soliciting investments on other D'Alessio-sponsored investments and/or attempting to develop those investments.

40.     At the time that he was soliciting investments from the plaintiffs and others, D'Alessio lacked the financing to meet his obligations on his multiple projects, did not have the ability to satisfy his personal obligations, and could not timely complete any of his promised developments in order to return either capital to his investors or pay the promised preferential return.

41.    Per the PPM, D'Alessio represented that the Manager was investing $1,520,000 in MPR Holding, and accounted for these funds as part of the required capitalization for this Project.

42.    According to the PPM, no repayment of the Manager's capital contribution was to be made until each investor had received both the full 12% Equity Return and the full repayment of the investor's capital.

43.    According to MPR Holding's books and records, in 2017, D'Alessio contributed $700,000 of the represented $1,520,000 as an equity investment in MPR Holding.

44.    The MPR Holding's books and records reflect that later in 2017, D'Alessio withdrew the full amount of the capital invested, leaving a capital balance of $0.

45.    Per the PPM, D'Alessio planned to raise $5,000,000 in investor contributions.

46.    According to MPR Holding's books and records, as of February 22, 2018, only $700,000 in investor capital had been raised by MPR Holding.

47.    On or about July 17, 2017, D'Alessio sent an "Investor Newsletter" via email to investors, stating "We have closed on 43 Middle Pond Road parcel, and are awaiting our final building permit. We have signed contracts for the two adjacent and contiguous parcels - 41 & 45 Middle Pond Road - which will allow us to build a total of 4 new homes," and that "We are in the process of getting approvals and building permits to begin construction."

48.    Neither D'Alessio nor any of the defendants disclosed to plaintiffs or any other investors that D'Alessio was moving money into and out of the MPR Holding account, that D'Alessio failed to make his promised equity contribution, or that the MPR Project was severely undercapitalized.

8

FILED: WESTCHESTER COUNTY CLERK 03/27/2018 04:01 PM
NYSCEF DOC. NO. 2
INDEX NO. 54513/2018
RECEIVED NYSCEF: 03/27/2018

18-22552-shl    Doc 33-2    Filed 06/08/18    Entered 06/08/18 16:17:13    Exhibit B
Pg 12 of 23

49.    Upon information and belief, to date, there has been no construction undertaken on the Property.

50.    Upon information and belief, the Property now consists of vacant lots, with only demolition work having occurred.

51.    Upon information and belief, despite the absence of construction, the books and records of MPR Holdings reflect that MPE has incurred $258,405 in net construction hard costs, $251,983 of which was billed to MPR Holding and remains outstanding.

52.    The "guaranteed" "equity return" promised in the PPM and provided for in the Operating Agreement was discontinued to plaintiffs and other investors.

53.    Despite an obligation to provide annual financial statements, neither D'Alessio nor any of the defendants ever provided such information to the plaintiffs, choosing instead to conceal their financial improprieties.

54.    Upon information and belief, defendants are attempting to sell the Property and extinguish their obligations to the investors in MPR Holding.

55.    Upon information and belief, substantial funds were transferred from 41 Associates, 43 Associates, and 45 Associates, where such funds were co-mingled with funds of other D'Alessio Holding Companies and/or diverted to D'Alessio or other entities owned, operated, or controlled by him.

56.    Upon information and belief, funds were taken by the defendants for construction that did not take place.

57.    Upon information and belief, the defendants utilized the funds of MPR Holding to pay for fictitious expenses in order to conceal the misuse of funds belonging to MPR Holding.

9

58.     Upon information and belief, and given the lack of an available revenue source, D'Alessio used funds invested by the plaintiffs and earmarked for the MPR Project for his own personal use.

59.     Over the past weeks, D'Alessio has liquidated or sold properties of other D'Alessio-sponsored investments at a fraction of the value he had placed on such properties and in a manner designed to simply free D'Alessio and his managing member entity of any guarantees to the first mortgagor, and to divest investors of 100% of their capital.

### FIRST CAUSE OF ACTION
(Fraud as Against Defendants D'Alessio, MPR Holding, and Tremont)

60.     Plaintiffs repeat, reallege and incorporate each and every allegation contained in paragraphs 1 to 59 above, as if fully set forth herein.

61.     To induce the plaintiffs to invest in MPR Holding, D'Alessio, on behalf of himself and on behalf of MPR Holding and Tremont, made multiple misrepresentations, including, without limitation:

   a.   That the funds raised by MPR Holding would be used exclusively on behalf of MPR Holding and would not be co-mingled with funds belonging to other D'Alessio-sponsored investments, or used for any other purposes;

   b.   That the Manager would be investing $1,520,000 in capital toward the Project;

   c.   That the Manager would not receive back any of its capital until each investor had received their full 12% Equity Return and the full return of capital;

   d.   That the Project would be completed within 12-18 months;

   e.   That the full capital of each investor would be returned within 24 months;

   f.   That D'Alessio personally guaranteed the payment to each investor of the full amount of capital invested, and the payment of all the preferred returns.

10

62.     The foregoing representations were false and D'Alessio, on behalf of himself, MPR Holding, and Tremont, made these representations knowing them to be false.

63.     At the time that they were making these statements to induce investments in MPR Holding, D'Alessio knew:

    a.     that money raised by MPR Holding would be co-mingled with funds raised for other D'Alessio-sponsored investments and that such funds would be used to finance other D'Alessio-sponsored investments and meet the obligations of other D'Alessio-sponsored investments;

    b.     that the MPR Project could not be completed within 12-18 months;

    c.     that the MPR Project could not be completed, or substantially completed, in a timeframe that would make the repayment of capital possible within 24 months;

    d.     that D'Alessio lacked the ability to contribute $1,520,000 in capital to the Project, and had no intention of doing so;

    e.     that D'Alessio and Tremont would remove funds, including supposed Manager capital, ahead of any payments to the plaintiffs and other investors; and

    f.     that D'Alessio lacked the ability to satisfy his personal guarantee, and thus that the promise of D'Alessio's personal guarantee was a fiction which provided no protection for investors.

64.     D'Alessio, on behalf of himself, MPR Holding, and Tremont, made these representations to the plaintiffs in order to induce them to invest the MPR Project.

65.     Plaintiffs reasonably relied on the accuracy of the information provided to them by D'Alessio, on behalf of himself, MPR Holding, and Tremont.

11

66.     As a direct and proximate result of the fraud, plaintiffs have been damaged in an amount to be determined at trial, but not less than $1,000,000, with interest thereon.

67.     The conduct of MPR Holding, D'Alessio, and Tremont was willful, wanton and in reckless disregard of plaintiffs' rights, entitling plaintiffs to an award of punitive damages in a presently undetermined amount, the exact amount to be determined upon a full trial on the merits.

## SECOND CAUSE OF ACTION
(Conspiracy to Defraud against all Defendants)

68.     Plaintiffs repeat, reallege and incorporates each of the allegations set forth in paragraphs 1 through 67 above, as if fully set forth in full herein.

69.     Defendants formed and operated an unlawful conspiracy among associated companies, associates, and managers to defraud plaintiffs as described above.

70.     D'Alessio devised the overall objective of the conspiracy, and each of the other defendants agreed to the overall objective of the conspiracy, or agreed to commit personally, acts in furtherance of the fraudulent scheme.

71.     The objective of the conspiracy was to induce the plaintiffs to invest in MPR Holding based on the false and fraudulent representations set forth above.

72.     Each of the defendants participated fully in the conspiracy, as the funds fraudulently induced were transferred from MPR Holding to 41 Associates, 43 Associates, and 45 Associates, which thereafter wrongfully utilized such funds to make payments to D'Alessio and to satisfy D'Alessio's obligations, and the obligations of other D'Alessio-controlled entities, unrelated to MPR Holding or the MPR Project.

73.     In furtherance of this conspiracy, D'Alessio, acting on behalf of each of the defendants, made the false and fraudulent statements set forth above, and thereafter conspired to loot the funds invested by the plaintiffs.

12

74.     Through concerted action, as agreed upon among associated companies, associates and managers, as described above, defendants in fact engaged in conduct violative of plaintiffs' rights.

75.     Defendants intended these actions to occur and intended to cause injury to plaintiffs as a part of their conspiratorial scheme.

76.     By virtue of the formation and operation of this unlawful conspiracy, and as a consequence of the above-described wrongful acts and conduct and the harm caused to plaintiffs, defendants are liable for the above-described acts committed by each conspirator.

77.     As a result of these acts and conduct, plaintiffs have suffered and will continue to suffer financial harm.  By virtue of the foregoing, plaintiffs are entitled to recover damages in an amount to be determined at trial, but believed to be in excess of $1,000,000, plus interest and costs.

78.     Defendants' conduct as, described above, was willful, wanton, and undertaken in reckless disregard of the plaintiffs' rights, entitling plaintiffs to an award of punitive damages in a presently undetermined amount, the exact amount to be determined upon a full trial on the merits.

### THIRD CAUSE OF ACTION
(Unjust Enrichment against all D'Alessio, 41 Associates, 43 Associates, 45 Associates, and MPE)

79.     Plaintiffs repeat, reallege and incorporates each of the allegations set forth in paragraphs 1 through 78 above, as if fully set forth in full herein.

80.     Defendants D'Alessio, 41 Associates, 43 Associates, 45 Associates, and MPE caused funds that were intended for the development of the MPR Project to be diverted for

13

18-22552-shl    Doc 33-2    Filed 06/08/18    Entered 06/08/18 16:17:13    Exhibit B
Pg 17 of 23

improper purposes, including, without limitation, to other D'Alessio-controlled projects and to D'Alessio personally.

81.     Such funds included funds paid to MPE for construction that was not performed, advances to D'Alessio and MPE, funds allegedly used to pay fictitious invoices, repayment of capital to D'Alessio and Tremont in advance of the payments due to the plaintiffs and other investors, and other funds wrongfully taken from MPR Holding.

82.     By the wrongful acts and omissions alleged above, these defendants received funds to which they were not entitled, and were unjustly enriched at the expense of and to the detriment of plaintiffs.

83.     The circumstances are such that it is inequitable for these defendants to retain the benefit conferred upon them.  No other remedy at law can adequately compensate plaintiffs for the economic damages resulting to them from the defendants' wrongful actions as alleged herein.

84.     By virtue of the foregoing, plaintiffs seek damages in an amount to be determined at trial, but believed to be in excess of $1,000,000, plus interest and costs.

**FOURTH CAUSE OF ACTION**
(Conversion against all Defendants)

85.     Plaintiffs repeat, reallege, and incorporate each of the allegations set forth in paragraphs 1 through 84 above, as if fully set forth in full herein.

86.     Plaintiffs invested funds into MPR Holding for the purposes of construction and development of the MPR Project and to secure the returns that were promised.

87.     Each of the defendants wrongfully misappropriated the invested funds for their own benefit and to the detriment of plaintiffs.

FILED: WESTCHESTER COUNTY CLERK 03/27/2018 04:01 PM
NYSCEF DOC. NO. 2

INDEX NO. 54513/2018

RECEIVED NYSCEF: 03/27/2018

18-22552-shl    Doc 33-2    Filed 06/08/18    Entered 06/08/18 16:17:13    Exhibit B
Pg 18 of 23

88.     As a proximate result of defendants' acts of conversion, plaintiffs have been deprived of their rights, and have suffered damages in an amount to be determined, but believed to be in excess of $1,000,000, plus interest and costs.

89.     By virtue of the foregoing, plaintiffs seek damages from defendants in an amount to be determined at trial, but believed to be in excess of $1,000,000, plus interest and costs.

### FIFTH CAUSE OF ACTION
(Breach of Guaranty against D'Alessio)

90.     Plaintiffs repeat, reallege, and incorporate each and every allegation contained in paragraphs 1 to 89 above, as if fully set forth herein.

91.     The PPM provided that "Payment of the Investors' Equity Return and repayment of Capital Contributions in accordance with the foregoing will be guaranteed personally by the Manager."

92.     At all times, D'Alessio has served as manager of MPR Holding.

93.     D'Alessio executed the Operating Agreement individually, as "Guarantor," guaranteeing the payment of the both the investor equity as well as the return on money invested.

94.     MPR Holding has discontinued the payment of the return on investor equity.

95.     There remains due and owing to the plaintiffs unpaid returns on the equity invested in an amount to be determined at trial.

96.     There remains due and owing to the plaintiffs investor capital of at least $550,000.

97.     By virtue of the foregoing, plaintiffs are entitled to the recovery of damages as against Bluestone in an amount to be determined at trial, but believed to be excess of $600,000, plus interest and costs.

## SIXTH CAUSE OF ACTION
### (Breach of Contract as against MPR Holding)

98. Plaintiffs repeat, reallege, and incorporate each and every allegation contained in paragraphs 1 to 97 above, as if fully set forth herein.

99. The Operating Agreement of MPR Holding constitutes a valid and binding contract between plaintiffs and defendant MPR Holding.

100. Plaintiffs have performed all of their material obligations under that contract.

101. MPR Holding has breached its obligations to plaintiffs under the contract by failing to pay the returns on equity invested.

102. MPR Holding has breached its obligations to plaintiffs under the contract by failing to repay investor capital of at least $550,000.

103. By virtue of the foregoing, plaintiffs are entitled to the recovery of damages as against MPR Holding in an amount to be determined at trial, but believed to be excess of $600,000, plus interest and costs.

## SEVENTH CAUSE OF ACTION
### (For a Constructive Trust against D'Alessio, 41 Associates, 43 Associates, 45 Associates, and MPE)

104. Plaintiffs repeat, reallege, and incorporate each and every allegation contained in paragraphs 1 to 103 above, as if fully set forth herein.

105. Pursuant to the terms of the Operating Agreement, D'Alessio and Tremont were fiduciaries obligated to act in the best interest of MPR Holding and its investors.

106. D'Alessio and Tremont, on behalf of themselves and 41 Associates, 43 Associates, 45 Associates and MPE, expressly promised that they would utilize the funds invested by plaintiffs and other investors, and the funds obtained from other sources, solely for the development of the MPR Project and not to enrich themselves.

16

18-22552-shl    Doc 33-2    Filed 06/08/18    Entered 06/08/18 16:17:13    Exhibit B
Pg 20 of 23

107.    The plaintiffs invested in MPR Holding in reliance on the representations made to them in the PPM and by D'Alessio and Tremont.

108.    D'Alessio has threatened to turn over the Property to its secure lenders simply to relieve himself of potential liability to such lenders, and to divest the plaintiffs and all other investors of 100% of their equity.

109.    Upon information and belief, D'Alessio is attempting to sell the Property to pay off his obligations and to divest the plaintiffs and all other investors of 100% of their equity.

110.    A constructive trust should be imposed to prevent the defendants from being unjustly enriched by obtaining the proceeds of a sale of the Property and using said proceeds to satisfy their obligations while simultaneously stripping the plaintiffs of all of their capital and all of their interest in the Property.

111.    Accordingly, a constructive trust should be imposed with respect to the Property and any proceeds derived from the sale of said Property.

### EIGHTH CAUSE OF ACTION
(Preliminary and Permanent Injunction as Against All Defendants)

112.    Plaintiffs repeat, reallege, and incorporate paragraphs 1 through 111 above as if fully set forth herein.

113.    In furtherance of his fraudulent scheme, D'Alessio and the other defendants have left the Property financially overextended, are seeking to dispose of the Property at a massive discount and in a manner designed to rid D'Alessio and his managing member entity of any guarantees to the first mortgagor, and thereby to divest the investors of their capital.

114.    Unless defendants are restrained and enjoined from the transfer and/or sale of the Property, plaintiffs will suffer irreparable harm, in that plaintiffs will be divested of their capital interest in the Property.

FILED: WESTCHESTER COUNTY CLERK 03/27/2018 04:01 PM
NYSCEF DOC. NO. 2
INDEX NO. 54513/2018
RECEIVED NYSCEF: 03/27/2018

18-22552-shl   Doc 33-2   Filed 06/08/18   Entered 06/08/18 16:17:13   Exhibit B
Pg 21 of 23

115.   Plaintiffs have no adequate remedy at law.

116.   Accordingly, plaintiffs are entitled to an Order preliminary and permanently enjoining and restraining defendants from selling or otherwise transferring the Property.

**WHEREFORE**, it is respectfully requested that an Order be entered:

a.   On the First Cause of Action as against defendants D'Alessio, MPR Holding, and Tremont, awarding plaintiffs damages in an amount to be determined at trial, but not less than $1,000,000, with interest thereon, as well as punitive damages in an amount to be determined at trial;

b.   On the Second Cause of Action, awarding plaintiffs damages in an amount to be determined at trial, but not less than $1,000,000, with interest thereon, as well as punitive damages in an amount to be determined at trial;

c.   On the Third Cause of Action as against defendants D'Alessio, 41 Associates, 43 Associates, 45 Associates, and MPE, awarding plaintiffs damages in an amount to be determined at trial, but not less than $1,000,000, with interest thereon;

d.   On the Fourth Cause of Action, awarding plaintiffs damages in an amount to be determined at trial, but not less than $1,000,000, with interest thereon;

e.   On the Fifth Cause of Action as against D'Alessio, awarding plaintiffs damages in an amount to be determined at trial but not less than $600,000, with interest thereon;

f.   On the Sixth Cause of Action as against MPR Holding, awarding plaintiffs damages in an amount to be determined at trial but not less than $600,000, with interest thereon;

g.   On the Seventh Cause of Action as against defendants D'Alessio, 41 Associates, 43 Associates, 45 Associates, and MPE, imposing a constructive trust with respect to the real property located at 41-45 Middle Pond Road, Southampton, New York, or with respect to any

18

FILED: WESTCHESTER COUNTY CLERK 03/27/2018 04:01 PM
INDEX NO. 54513/2018

NYSCEF DOC. NO. 2

18-22552-shl    Doc 33-2    Filed 06/08/18    Entered 06/08/18 16:17:13    Exhibit B

Pg 22 of 23

RECEIVED NYSCEF: 03/27/2018

proceeds paid as a result of any sale of the real property located at 41-45 Middle Pond Road, Southampton, New York;

     h.     On the Eighth Cause of Action, issuing an Order preliminarily and permanently enjoining and restraining defendants from selling or otherwise transferring the real property located at 41-45 Middle Pond Road, Southampton, New York;

     i.     Awarding the costs and fees, including reasonable attorneys' fees, to the plaintiffs; and

     j.     Awarding such other and further relief as is just and proper.

Dated: New York, New York
      March 27, 2018

                       **ROSENFELD & KAPLAN, LLP**

             By: _____

                       Tab K. Rosenfeld
                       Steven M. Kaplan
                       Nicole E. Meyer
                       1180 Avenue of the Americas
                       Suite 1920
                       New York, New York 10036
                       (212) 682-1400
                       *Attorneys for the plaintiffs*

## VERIFICATION

STATE OF NEW YORK     )
                             )ss.:
COUNTY OF NEW YORK  )

I, Tab K. Rosenfeld, affirm that I am an attorney admitted to practice law in the courts of the State of New York, and that I am the attorney of record for the plaintiffs in this matter. I have read the foregoing Verified Complaint and know the contents thereof; the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe them to be true. The reason this verification is made by me and not by any of the plaintiffs is because each of the plaintiffs reside outside the county where the office with which I am associated maintains its office.

Dated: New York, New York
       March 27, 2018

_____
Tab K. Rosenfeld