# EXHIBIT E

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

-------------------------------------------------------------------x

RELLA FOGLIANO, JOSEPH BREDA,
MARILYN SHENDELL, ATTIS PROPERTIES, INC.,
RNG WEA LLC, JACQUELINE MARTINEZ,                    Plaintiffs designate Westchester
DOUGLAS SCIBELLI, JOSHUA BROWN, ANGIE               County as the Place of Trial
BROWN, PHILIP GOLDSTEIN, ELLEN
GOLDSTEIN, ROBERT CICERO, KEITH
HUMMEL, and PHILIP HEALY,

                              Plaintiffs,           Index No.:

              -against-                             **SUMMONS**

163-165 EAST 62nd STREET HOLDING LLC,
163-165 EAST 62nd ASSOCIATES LLC,
MICHAEL PAUL D'ALESSIO,
MICHAEL PAUL ENTERPRISES, LLC, and
BLUESTONE 163-165 LLC,

                              Defendants.

-------------------------------------------------------------------x

To the above named Defendants:

**YOU ARE HEREBY SUMMONED** to answer the verified complaint in this action and
to serve a copy of your answer, or, if the verified complaint is not served with this summons, to
serve a notice of appearance, on the Plaintiffs' Attorney(s) within 20 days after the service of this
summons, exclusive of the day of service (or within 30 days after the service is complete if this
summons is not personally delivered to you within the State of New York); and in case of your
failure to appear or answer, judgment will be taken against you by default for the relief
demanded in the verified complaint.

Defendants' Addresses:        163-165 EAST 62nd STREET HOLDING LLC
                              c/o Michael Paul Enterprises, LLC
                              12 Water Street
                              White Plains, New York 10601

                              163-165 EAST 62nd ASSOCIATES LLC
                              c/o Michael Paul Enterprises, LLC
                              12 Water Street
                              White Plains, New York 10601

MICHAEL PAUL D'ALESSIO
c/o Michael Paul Enterprises, LLC
12 Water Street
White Plains, New York 10601

MICHAEL PAUL ENTERPRISES, LLC
c/o Michael Paul Enterprises, LLC
12 Water Street
White Plains, New York 10601

BLUESTONE 163-165 LLC
c/o Michael Paul Enterprises, LLC
12 Water Street
White Plains, New York 10601

Dated: New York, New York
        March 13, 2018

                                    **ROSENFELD & KAPLAN, LLP**

By:     Tab K. Rosenfeld
        Steven M. Kaplan
        Nicole E. Meyer
        1180 Avenue of the Americas, Suite 1920
        New York, NY 10036
        (212) 682-1400
        *Attorneys for Plaintiffs*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------------x
RELLA FOGLIANO, JOSEPH BREDA,
MARILYN SHENDELL, ATTIS PROPERTIES, INC.,
RNG WEA LLC, JACQUELINE MARTINEZ,
DOUGLAS SCIBELLI, JOSHUA BROWN, ANGIE
BROWN, PHILIP GOLDSTEIN, ELLEN
GOLDSTEIN, ROBERT CICERO, KEITH
HUMMEL, and PHILIP HEALY,

                              Plaintiffs,                 Index No.:

              -against-                   **VERIFIED COMPLAINT**

163-165 EAST 62nd STREET HOLDING LLC,
163-165 EAST 62nd ASSOCIATES LLC,
MICHAEL PAUL D'ALESSIO,
MICHAEL PAUL ENTERPRISES, LLC, and
BLUESTONE 163-165 LLC,

                            Defendants.
-------------------------------------------------------------------x

      Plaintiffs Rella Fogliano, Joseph Breda, Marilyn Shendell, Attis Properties, Inc., RNG

WEA LLC, Jacqueline Martinez, Douglas Scibelli, Joshua Brown, Angie Brown, Philip

Goldstein, Ellen Goldstein, Robert Cicero, Keith Hummel and Philip Healy (collectively, the

"plaintiffs") for their Verified Complaint against defendants 163-165 East 62nd Street Holding,

LLC, 163-165 East 62nd Street Associates LLC, Michael Paul D'Alessio, Michael Paul

Enterprises, LLC, and Bluestone 163-165 LLC (collectively, the "defendants"), allege as

follows:

## NATURE OF THE ACTION

      1.     Plaintiffs bring this action to seek redress from the injury caused by a massive

scheme undertaken by defendant Michael Paul D'Alessio ("D'Alessio") and several entities

owned and/or controlled by him to defraud the plaintiffs, each of whom are investors in a real

estate project devised by defendants located at 163-167 East 62nd Street, New York, New York (the "East 62nd Street Project").

2.     The defendants purchased the property, which consisted of two existing townhouses, with a plan demolish those properties and construct in their place a new six-story building with 5 luxury condominium units.

3.     Plaintiffs were induced by defendants to invest millions of dollars in the East 62nd Street Project, with such investments being made through 163-165 East 62nd Street Holding LLC, which D'Alessio promised would bring in an "equity return" of 10% to 16% per year and would allow for quick turn-around on a return of all capital invested.

4.     Rather than putting the funds toward their intended use, however, the defendants, upon information and belief, began siphoning the investor funds for personal use, co-mingling funds earmarked for the East 62nd Street Project with other projects owned and controlled by D'Alessio, using the assets of 163-165 East 62nd Street Holding LLC to finance other D'Alessio-controlled projects, and otherwise engaging in acts of financial malfeasance with regard to the funds entrusted to him by investors.

5.     Having divested 163-165 East 62nd Street Holding LLC of its assets, and having looted and misused its funds, the defendants took on massive debt on the property, making a return to the investors an impossibility.  The defendants, nonetheless, continued to represent to the plaintiffs and other investors that the East 62nd Street Project could still be profitable, and refused to apprise investors as to the actual financial condition or the massive amount of debt that had been incurred.

6.     As a result of defendants' acts of financial defalcation, the East 62nd Street Project has become overextended.  Because of this, the defendants are seeking in this and in other

D'Alessio-controlled projects to sell the properties at a massive loss and utilize the funds realized to advance the defendants' interests, at a total loss to the plaintiffs and other investors.

## PARTIES

7.    Plaintiff Rella Fogliano ("Fogliano") is a New York resident with a business address c/o The MacQuesten Companies, 438 Fifth Avenue, Pelham, NY 10803.  Fogliano is a member of 163-165 East 62nd Street Holding LLC.

8.    Plaintiff Joseph Breda ("Breda") is a New York resident with a business address c/o The MacQuesten Companies, 438 Fifth Avenue, Pelham, NY 10803.  Breda is a member of 163-165 East 62nd Street Holding LLC.

9.    Plaintiff Marilyn Shendell ("Shendell") is a New York resident with an address c/o Cornell Pace, Inc., 542 Main Street, New Rochelle, New York 10801.  Shendell is a member of 163-165 East 62nd Street Holding LLC.

10.    Plaintiff Attis Properties, Inc. ("Attis") is a New York corporation with offices at 500 Mamaroneck Ave, Harrison, New York 10528.  Attis was formerly known as S. & G. Gross Co., Inc.  Attis is a member of 163-165 East 62nd Street Holding LLC and Bluestone 163-165 LLC.

11.    Plaintiff RNG WEA LLC ("RNG") is a New York limited liability company with an address of 3 Oxford Court, Morganville, New Jersey 07751.  RNG is a member of 163-165 East 62nd Street Holding LLC.

12.    Plaintiff Jacqueline Martinez ("Martinez") is a New York resident with an address at 9 Thomas Drive, Hauppauge, NY 11788. Martinez is a member of 163-165 East 62nd Street Holding LLC.

13.     Plaintiff Douglas Scibelli ("Scibelli") is a New York resident with an address at 605 West 112th Street, Apt. 6B, New York, NY 10025. Scibelli is a member of 163-165 East 62nd Street Holding LLC.

14.     Plaintiff Joshua Brown is a Connecticut resident with an address at 15 Tally Ho Lane, Stamford CT, 06905.  Joshua Brown, together with his wife Angie Brown, is a member of 163-165 East 62nd Street Holding LLC.

15.     Plaintiff Angie Brown is a Connecticut resident with an address at 15 Tally Ho Lane, Stamford CT, 06905. Angie Brown, together with her husband Joshua Brown, is a member of 163-165 East 62nd Street Holding LLC.

16.     Plaintiff Philip Goldstein is a New York resident with an address at 3975 Sedgwick Avenue, Apt 4H, Bronx, New York 10463.  Philip Goldstein, together with his wife Ellen Goldstein, is a member of 163-165 East 62nd Street Holding LLC.

17.     Plaintiff Ellen Goldstein is a New York resident with an address at 3975 Sedgwick Avenue, Apt 4H, Bronx New York 10463. Ellen Goldstein, together with her husband Philip Goldstein, is a member of 163-165 East 62nd Street Holding LLC.

18.     Plaintiff Robert Cicero ("Cicero") is a Connecticut resident with an address at 1 Fox Ridge Drive, New Milford, CT 06776. Cicero is a member of 163-165 East 62nd Street Holding LLC.

19.     Plaintiff Keith Hummel ("Hummel") is a New York resident with an address at 10 Carriage Hill Road, West Harrison, NY 10604. Hummel is a member of 163-165 East 62nd Street Holding LLC.

20.     Plaintiff Philip Healy ("Healy") is a New Hampshire resident with an address at 12 Knoll Crest, Bedford, NH.  Healy is a member of Bluestone 163-165 LLC.

4

21.     Defendant 163-165 East 62nd Street Holding LLC ("East 62nd Holding") is a New York limited liability company formed in 2015 as an investment vehicle to develop real property located at 163-167 East 62nd Street, New York, New York (the "Property"). East 62nd Holding lists its office for the conduct of business as c/o Michael Paul Enterprises, LLC, 12 Water Street, White Plains, New York 10601. East 62nd Holding is the sole member of 163-165 East 62nd Street Associates LLC.

22.     Defendant 163-165 East 62nd Street Associates LLC ("East 62nd Associates") is a New York limited liability company with an address at c/o Michael Paul Enterprises, LLC, 12 Water Street, White Plains, New York 10601. East 62nd Associates holds title to the Property.

23.     Defendant Michael Paul D'Alessio is a New York resident with a business address at 12 Water Street, White Plains, New York 10601.

24.     Defendant Michael Paul Enterprises, LLC ("MPE") is a New York limited liability company with an address at 12 Water Street, White Plains, New York 10601. Upon information and belief, MPE is controlled by D'Alessio.

25.     Defendant Bluestone 163-165 LLC ("Bluestone") is a New York limited liability company formed in 2015. Upon information and belief, Bluestone is controlled by D'Alessio. Bluestone is the managing member of East 62nd Holding and maintains its offices at 12 Water Street, White Plains, New York 10601.

## **FACTS**

26.     East 62nd Holding was created in 2015 by D'Alessio to acquire the Property through East 62nd Associates and to thereafter demolish the two existing townhouses and construct in their place a new six-story building with 5 luxury condominium units.

27.     East 62nd Holding is one of a number of real estate investment companies created by D'Alessio (the "D'Alessio Holding Companies").

28.     All of the D'Alessio Holding Companies utilize a similar structure, with D'Alessio or an affiliated company serving as the managing member; with construction to be done by an entity affiliated with D'Alessio, with D'Alessio's office, located at 12 Water Street, White Plains, New York 10601 serving as the office for the Company, with a promised "equity return" of 10% to 16% per year, with a quick turn-around on a return of all capital invested, and with D'Alessio's personal guarantee as to all construction cost overruns exceeding the amount of the fixed price contracts with D'Alessio's affiliated construction contract.

29.     Each of the D'Alessio Holding Companies are structured so that D'Alessio or his affiliated entities have control over the finances of the D'Alessio Holding Company and the use of the capital secured by such D'Alessio Holding Company.

30.     East 62nd Holding followed the investment structure used by D'Alessio.

31.     East 62nd Holding initially was planned to involve the development of two adjoining properties located at 163 and 165 East 62nd Street in New York City.

32.     In East 62nd Holding's Confidential Private Placement Memorandum dated July 27, 2015 (the "PPM"), East 62nd Holding, Bluestone, and D'Alessio represented that the "[p]rojected overall cost of the Project is approximately $31,358,496."

33.     Exhibit 1 to the PPM was a *Pro Forma* statement that provided detail as to the $31,358,496 Project cost. The *Pro Forma* listed the costs as" Land Purchase Price, $15,320,000; Project Soft Costs, $3,307,584; Project Hard Costs, $9,609,912; and Preferred Return on Equity, $3,040,000.

6

34.     The *Pro Forma* also listed the source of funding for the Project Costs as: Senior Debt, $10,000,000; Sponsor Equity Contribution $2,358,960; and "JV Investor's Equity Contribution," $19,000,000.

35.     The PPM stated that the construction of the East 62nd Street Project would be done by MPE, an affiliate of Bluestone and D'Alessio, for a "fixed price," and provided that the "Mr. D'Alessio has personally guaranteed payment of hard costs of construction in excess of the contract sum."

36.     The PPM provided that "Members of the Company, other than the Managing Member . . . are entitled to (a) an Equity Return of 16% per annum, payable monthly on the amount of their Capital Contribution, beginning as of the date such Capital Contribution is actually fully paid to the Company . . . ; and (b) return of the full amount of their Capital Contributions within 24 months."

37.     The PPM provided that "Payment of the Investors' Equity Return and repayment of Capital Contributions in accordance with the foregoing will be guaranteed personally by the Manager."

38.     The PPM identified Bluestone as the managing member of East 62nd Holding, and identified D'Alessio individually as "the manager."

39.     The PPM provided that while funds raised or acquired by East 62nd Holding could be maintained in a "general account," that such funds would "be in the Company control and may be used for Company purposes."

40.     The PPM referenced the fact that D'Alessio was seeking to acquire additional adjoining properties and that, if successful, they would be added to the East 62nd Street Project.

7

FILED: WESTCHESTER COUNTY CLERK 03/13/2018 03:59 PM
INDEX NO. 53540/2018
NYSCEF DOC. NO. 2
18-22552-shl    Doc 33-5    Filed 06/08/18    Entered 06/08/18 16:17:13    Exhibit E
RECEIVED NYSCEF: 03/13/2018
Pg 11 of 30

41.     On or about June 15, 2016, D'Alessio wrote, on the letterhead of MPE (the "June 15 Solicitation Letter"), to the plaintiffs and to other existing and potential investors, to announce: "Finally, we got the 3rd Building," located at 167 East 62nd Street.

42.     The June 15 Solicitation Letter stated that "we are in the process of purchasing the 3rd existing and adjoining" townhouse, and stated that the plan was now to "convert the three (3) individual townhouses into one (1) new 48 foot wide 7-story plus basement," building with 10 luxury units.

43.     D'Alessio stated that he was seeking to raise $19,000,000 from investors and stated that "I will be personally investing $2,832,256 of my own equity into this project."

44.     The June 15 Solicitation Letter stated: "The investor's equity would hold a primary position for capital distributions and would come out of the project before I, the Sponsor, receive reimbursement for any of my initial investment."

45.     The June 15 Solicitation Letter stated: "The investor's equity will be returned in full within 24 months."

46.     The June 15 Solicitation Letter stated. **"the investors will receive a 16% preferred annual return on their money payable monthly during the duration of the project.  I will be personally guaranteeing the return of both the investors' equity, as well as the 16% return on the money invested.  Both funds will come out of the project prior to the return of the Sponsor's equity or proceeds." (Emphasis in original.)**

47.     The June 15 Solicitation Letter stated the "construction hard costs for this project are fixed and guaranteed by the Sponsor."

48.     Annexed as an exhibit to the June 15 Solicitation Letter was a *Pro Forma* statement that provided detail as to the investment.  It stated that the overall project cost would

8

be $46,832,256, and listed such costs as consisting of: Land Purchase Price, $24,243,840; Land

Soft Cost, $2,407,680; Project Soft Costs, $6,456,960; and Project Hard Costs, $13,723,776.

49.     The *Pro Forma* also listed the source of funding for the Project Costs as: Senior

Debt, $25,000,000; Sponsor Equity Contribution $2,832,256; and "JV Investor's Equity

Contribution," $19,000,000.

50.     D'Alessio represented to multiple investors in June, 2016 that all necessary

approvals for the East 62nd Street Project had been obtained and that the Project would move

forward expeditiously.

51.     Based on the promises and representations made by D'Alessio, each of the

plaintiffs invested in East 62nd Holding.

52.     In or about July, 2016, and October, 2016 plaintiff Attis executed subscription

agreements for 4 "units" in East 62nd Holding at a total price of $200,000.

53.     In or about July, 2016, plaintiff Fogliano executed a subscription agreement for

10 "units" in East 62nd Holding at a total price of $500,000, and signed second subscription

agreement in or about November 2016 for additional 10 "units" in East 62nd Holding for another

$500,000.

54.     In or about July, 2016, plaintiff Breda executed a subscription agreement for 6

"units" in East 62nd Holding at a total price of $300,000.

55.     In or about July, 2016, plaintiff Shendell executed a subscription agreement for 2

"units" in East 62nd Holding at a total price of $100,000.

56.     Plaintiff RNG executed a subscription agreement for 4 "units" in East 62nd

Holding at a total price of $200,000.

57.     In or about December 2015, plaintiff Martinez executed a subscription agreement for 2 "units" in East 62nd Holding at a total price of $100,000.

58.     In or about November 2015, plaintiff Scibelli executed a subscription agreement for 2 "units" in East 62nd Holding at a total price of $100,000.

59.     In or about June 2016, plaintiffs Joshua and Angie Brown jointly executed a subscription agreement for 1 "unit" in East 62nd Holding at a total price of $50,000.

60.     Plaintiffs Philip and Ellen Goldstein jointly executed a subscription agreement for 1 "unit" in East 62nd Holding at a total price of $50,000.

61.     Plaintiff Cicero executed a subscription agreement for 2 "units" in East 62nd Holding at a total price of $100,000.

62.     Plaintiff Hummel executed a subscription agreement for 4 "units" in East 62nd Holding at a total price of $200,000.

63.     Following each of the plaintiffs' entry into the subscription agreements, each of the plaintiffs and Bluestone thereafter entered into an Operating Agreement for East 62nd Holding (the "Holding Operating Agreement"). D'Alessio, on behalf of Bluestone and individually as "Guarantor," signed the Holding Operating Agreement.

64.     Thereafter, in 2017, D'Alessio began soliciting investments for his controlled entity, defendant Bluestone, in order to be able to "fund" his "Sponsor" obligation.

65.     D'Alessio solicited investments into Bluestone by making the same representations as to repayment of capital and a 12% preferred return, and personally guaranteed the repayment of all investor capital and all preferred returns.

10

66.     In reliance on D'Alessio's representations and promises, in or about June 2017, plaintiff Healy executed a subscription agreement for "units" in Bluestone at a total price of $250,000.

67.     In reliance on D'Alessio's representations and promises, in or about June 2017, plaintiff Attis executed a subscription agreement for "units" in Bluestone at a total price of $150,000.

68.     Thereafter, plaintiffs Healy and Attis and defendant Bluestone entered into an Operating Agreement for Bluestone (the "Bluestone Operating Agreement").  D'Alessio, on behalf of Bluestone and individually as "Guarantor," signed the Bluestone Operating Agreement.

**Defendants' Financial Defalcations**

69.     D'Alessio structured the investment so that money from investors would flow into East 62nd Holding and would be funneled to East 62nd Associates, and then to MPE, purportedly for work to be done on the East 62nd Street Project.

70.     At the time that D'Alessio and the defendants were soliciting investments from the plaintiffs and others, he was also soliciting investments on other D'Alessio-sponsored investments and/or attempting to develop those investments.

71.     At the time that he was soliciting investments from the plaintiffs and others, upon information and belief, D'Alessio lacked the financing to meet his obligations on his multiple projects, did not have the ability to satisfy his personal obligations, and could not timely complete any of his promised developments in order to return either capital to his investors or pay the promised preferential returns.

11

FILED: WESTCHESTER COUNTY CLERK 03/13/2018 03:59 PM
INDEX NO. 53540/2018
NYSCEF DOC. NO. 2
18-22552-shl    Doc 33-5    Filed 06/08/18    Entered 06/08/18 16:17:13    Exhibit E
RECEIVED NYSCEF: 03/13/2018
Pg 15 of 30

72.     Despite doing no significant construction on the East 62nd Street Project in 2015 and 2016, MPE was paid approximately $8.56 million by East 62nd Associates for construction costs during 2015 and 2016 and additional funds were paid to D'Alessio directly.

73.     In 2015, MPE received from East 62nd Associates payments of $5,972,182. Defendants recorded this payment as a "construction advance." Upon information and belief, no construction was performed in 2015.

74.     In 2016, East 62nd Associates paid approximately $2,589,000 to MPE for construction. Upon information and belief, little, if any, construction occurred in 2016.

75.     In 2016, East 62nd Associates advanced approximately $573,000 to D'Alessio individually as a construction expense. Upon information and belief, little, if any, construction occurred in 2016.

76.     Upon information and belief, funds were funneled to MPE, where funds from multiple D'Alessio-sponsored investments were co-mingled and thereafter used for purposes in direct violation of the operating agreements of those investments.

77.     In January 2016, MPE sent an investor newsletter, representing as to the current status of the East 62nd Street Project that the demolition was completed, as well as part of the excavation. Such statements were untrue and were designed to convince investors that the Project was proceeding as scheduled and as had been represented.

78.     Upon information and belief, no significant work occurred on the East 62nd Street Project until 2017, and at a far slower, and less substantial rate than was represented.

79.     In January 2017, the defendants sent an MPE "investor newsletter" to plaintiffs and other investors. This newsletter stated that as to current status of the East 62nd Street Project, that the demolition was completed, as well as partial excavation of 2 of the 3 buildings.

80.     The statements in the January 2017 newsletter were false, as demolition was only beginning at that time and no substantial work had yet been done.

81.     Upon information and belief, East 62nd Associates expended approximately $1,210,000 in demolition and excavation costs and incurred little actual construction costs.

82.     In November 2017, MPE issued a "bill" to East 62nd Associates for construction costs of $13,605,776, which amount matched the "Fixed Construction Costs" represented to the investors in an investor letter dated July 12, 2016.

83.     Upon information and belief, the "construction costs" reflected on the November invoice were fictitious, as little, if any, of the work "billed" was actually performed.

84.     Despite an obligation to provide annual financial statements, neither D'Alessio nor any of the defendants ever provided such information to the plaintiffs, choosing instead to conceal their financial improprieties.

85.     The "equity return" promised to plaintiffs and other investors has been discontinued after initially being paid.

86.     According to the financial records of East 62nd Holding, by 2017, East 62nd Holding had incurred "capitalized construction costs" of $21,919,561.

87.     By letter dated November 27, 2017 (the "November Letter"), D'Alessio, writing on behalf of East 62nd Holding, advised plaintiffs and other investors that East 62nd Holding was suffering from a liquidity problem arising from "delays and litigation which has resulted in overruns in costs far beyond what could have been contemplated."

88.     The November Letter stated that there were insufficient funds to complete the East 62nd Street Project or to meet carrying costs; that the Project was only 20% completed; and that if the Project sold in its present state it would result in a significant loss of invested capital.

13

89.     The November Letter stated that "[i]n the current state of construction," the "fair market value" of the underlying property was $22 to $25 million.

90.     In the November Letter, the defendants asked "all investors to waive the guaranteed equity returns."

91.     The November Letter failed to diclose that the construction costs were fabricated and that D'Alessio had moved money into and out of the East 62nd Holding account as if it were his personal piggy bank.

92.     By letter dated February 20, 2018 (the "February Letter"), D'Alessio, writing on behalf of East 62nd Holding, notified investors that approximately 25% of the construction has been completed; however, the "Company lacked funds with which to pay the debt service due February 1st and the mortgagee has given notice of its intention to foreclose its mortgage." The letter goes on to state that the mortgagee has proposed accepting deeds to the property in lieu of foreclosure and cancelling D'Alessio's personal guarantee of the mortgage, and that East 62nd Holding intended to accept that offer on or about February 28, 2018.

93.     The February Letter stated that "local municipal approval and other issues had prolonged the development, driving up the Company's carrying costs."

94.     Upon information and belief, defendants have sold and/or are in the process of selling the Property to a third party at a below-market price, in a manner designed to free D'Alessio and his managing member entity of any gurantees to the first mortgagor, and to divest investors of 100% of their capital.

95.     Between 2015 and 2017, East 62nd Associates received in excess of $49 million in funds for the East 62nd Street Project, including $26,427,003 in investment funding from East 62nd Holding.

FILED: WESTCHESTER COUNTY CLERK 03/13/2018 03:59 PM
NYSCEF DOC. NO. 2

INDEX NO. 53540/2018
RECEIVED NYSCEF: 03/13/2018

18-22552-shl    Doc 33-5    Filed 06/08/18    Entered 06/08/18 16:17:13    Exhibit E
Pg 18 of 30

96.     Upon information and belief, substantial funds were transferred from East 62nd Associates to MPE, where such funds were either co-mingled with funds of other D'Alessio Holding Companies and/or diverted to D'Alessio or other entities owned, operated, or controlled by him.

97.     Upon information and belief, funds were taken by the defendants for construction that did not take place.

98.     Upon information and belief, the defendants utilized the funds of East 62nd Holding to pay for fictitious expenses in order to conceal the misuse of funds belonging to East 62nd Holding.

99.     Upon information and belief, and given the lack of an available revenue source, D'Alessio used funds invested by the plaintiffs and earmarked for the East 62nd Street Project for his own personal use.

### FIRST CAUSE OF ACTION
(Fraud as Against Defendants D'Alessio, East 62nd Holding and Bluestone)

100.    Plaintiffs repeat, reallege and incorporate each and every allegation contained in paragraphs 1 to 99 above, as if fully set forth herein.

101.    To induce each of the plaintiffs to invest in East 62nd Holding and Bluestone, D'Alessio, on behalf of himself and on behalf of East 62nd Holding and Bluestone, made multiple misrepresentations, including, without limitation:

a.   That the funds raised by East 62nd Holding would be used exclusively on behalf of East 62nd Holding and would not be co-mingled with funds belonging to other D'Alessio-sponsored investments, or used for any other purposes;

b.   That the full capital of each investor would be returned within 24 months;

15

FILED: WESTCHESTER COUNTY CLERK 03/13/2018 03:59 PM
NYSCEF DOC. NO. 2
INDEX NO. 53540/2018
RECEIVED NYSCEF: 03/13/2018

18-22552-shl    Doc 33-5    Filed 06/08/18    Entered 06/08/18 16:17:13    Exhibit E
Pg 19 of 30

   c.   That D'Alessio personally guaranteed the payment to each investor of the full amount of capital invested, and the payment of the all preferred returns;

   d.   That all of the permits for the work had been obtained and that demolition and construction would proceed expeditiously; and

   e.   That investments made into East 62nd Holding and Bluestone would receive a return of their capital before D'Alessio received a repayment of his investment or any profit distribution.

102.   The foregoing representations were false, and D'Alessio, on behalf of himself, East 62nd Holding, and Bluestone, made these representations knowing them to be false.

103.   At the time that he was making these statements to induce investments in East 62nd Holding and Bluestone, D'Alessio knew:

   a.   that money raised by East 62nd Holding and Bluestone would be comingled with funds raised for other D'Alessio-sponsored investments and that such funds would be used to finance other D'Alessio-sponsored investments and meet the obligations of other D'Alessio-sponsored investments;

   b.   that the East 62nd Street Project could not be completed, or substantially completed, in a timeframe that would make the repayment of capital possible within 24 months;

   c.   that D'Alessio lacked the ability to satisfy his personal guarantee, and thus that the promise of D'Alessio's personal guarantee was a fiction which provided no protection for investors;

   d.   that the East 62nd Street Project lacked the necessary permits to proceed expeditiously, and that local and community approval had not been obtained; and that

16

e.  D'Alessio intended to remove his funds - - whether through construction "advances," loans or distributions in advance of repaying the capital of investors.

104.  D'Alessio, on behalf of himself, East 62nd Holding and Bluestone, made these representations to the plaintiffs in order to induce them to invest in the East 62nd Street Project.

105.  Plaintiffs reasonably relied on the accuracy of the information provided to them by D'Alessio, on behalf of himself, East 62nd Holding, and Bluestone.

106.  As a direct and proximate result of the fraud, plaintiffs have been damaged in an amount to be determined at trial, but not less than $10,000,000, with interest thereon.

107.  The conduct of East 62nd Holding, D'Alessio, and Bluestone was willful, wanton and in reckless disregard of plaintiffs' rights, entitling plaintiffs to an award of punitive damages in a presently undetermined amount, the exact amount to be determined upon a full trial on the merits.

## SECOND CAUSE OF ACTION
(Conspiracy to Defraud against all Defendants)

108.  Plaintiffs repeat, reallege, and incorporate each of the allegations set forth in paragraphs 1 through 107 above, as if fully set forth in full herein.

109.  Defendants formed and operated an unlawful conspiracy among associated companies, associates, and managers to defraud plaintiffs as described above.

110.  D'Alessio devised the overall objective of the conspiracy, and each of the other defendants agreed to the overall objective of the conspiracy, or agreed to commit personally, acts in furtherance of the fraudulent scheme.

111.  The objective of the conspiracy was to induce each of the plaintiffs to invest in East 62nd Holding and Bluestone based on the false and fraudulent representations set forth above.

17

112.    Each of the defendants participated fully in the conspiracy, as the funds

fraudulently induced were transferred from East 62nd Holding to East 62nd Associates and then to

MPE, which thereafter wrongfully utilized such funds to make payments to D'Alessio and to

satisfy D'Alessio's obligations, and the obligations of other D'Alessio-controlled entities,

unrelated to East 62nd Holding or the East 62nd Street Project.

113.    In furtherance of this conspiracy, D'Alessio, acting on behalf of each of the

defendants, made the false and fraudulent statements set forth above, and thereafter conspired to

loot the funds invested by the plaintiffs.

114.    Through concerted action, as agreed upon among associated companies,

associates and managers, as described above, defendants in fact engaged in conduct violative of

plaintiffs' rights.

115.    Defendants intended these actions to occur and intended to cause injury to

plaintiffs as a part of their conspiratorial scheme.

116.    By virtue of the formation and operation of this unlawful conspiracy, and as a

consequence of the above-described wrongful acts and conduct and the harm caused to plaintiffs,

defendants are liable for the above-described acts committed by each conspirator.

117.    As a result of these acts and conduct, plaintiffs have suffered and will continue to

suffer financial harm.  By virtue of the foregoing, plaintiffs are entitled to recover damages in an

amount to be determined at trial, but believed to be in excess of $10,000,000, plus interest and

costs.

118.    Defendants' conduct, as described above, was willful, wanton, and undertaken in

reckless disregard of the plaintiffs' rights, entitling plaintiffs to an award of punitive damages in

a presently undetermined amount, the exact amount to be determined upon a full trial on the merits.

### THIRD CAUSE OF ACTION
(Unjust Enrichment against D'Alessio, East 62nd Associates, and MPE)

119.    Plaintiffs repeat, reallege, and incorporate each of the allegations set forth in paragraphs 1 through 118 above, as if fully set forth in full herein.

120.    Defendants D'Alessio, East 62nd Associates, and MPE caused funds that were intended for the development of the East 62nd Street Project to be diverted for improper purposes, including, without limitation, to other D'Alessio-controlled projects and to D'Alessio personally.

121.    Such funds included funds paid to MPE for construction that was not performed, advances to D'Alessio and MPE, funds allegedly used to pay fictitious invoices, and other funds wrongfully taken from East 62nd Holding.

122.    By the wrongful acts and omissions alleged above, these defendants received funds to which they were not entitled, and were unjustly enriched at the expense of and to the detriment of plaintiffs.

123.    The circumstances are such that it is inequitable for these defendants to retain the benefit conferred upon them. No other remedy at law can adequately compensate plaintiffs for the economic damages resulting to them from the defendants' wrongful actions as alleged herein.

124.    By virtue of the foregoing, plaintiffs seek damages in an amount to be determined at trial, but believed to be in excess of $5,000,000, plus interest and costs.

### FOURTH CAUSE OF ACTION
(Conversion against all Defendants)

125.    Plaintiffs repeat, reallege, and incorporate each of the allegations set forth in paragraphs 1 through 124 above, as if fully set forth in full herein.

18-22552-shl   Doc 33-5   Filed 06/08/18   Entered 06/08/18 16:17:13   Exhibit E
Pg 23 of 30

126.    Plaintiffs invested their funds into East 62nd Holding for the purposes of construction and development of the East 62nd Street Project and to secure the returns that were promised.

127.    Each of the defendants wrongfully misappropriated the invested funds for their own benefit and to the detriment of plaintiffs.

128.    As a proximate result of defendants' acts of conversion, plaintiffs have been deprived of their rights, and have suffered damages in an amount to be determined, but believed to be in excess of $5,000,000, plus interest and costs.

129.    By virtue of the foregoing, plaintiffs seek damages from defendants in an amount to be determined at trial, but believed to be in excess of $5,000,000, plus interest and costs.

## FIFTH CAUSE OF ACTION
(Breach of Guaranty against D'Alessio)

130.    Plaintiffs repeat, reallege and incorporate each and every allegation contained in paragraphs 1 to 129 above, as if fully set forth herein.

131.    The PPM provided that "Payment of the Investors' Equity Return and repayment of Capital Contributions in accordance with the foregoing will be guaranteed personally by the Manager."

132.    At all times, D'Alessio has served as the manager of East 62nd Holding.

133.    The June 15 Solicitation Letter sent by D'Alessio to plaintiffs and other investors stated: "I will be personally guaranteeing the return of both the investors equity, as well as the 16% return on the money invested." (Emphasis in original.)

134.    D'Alessio executed each of the Operating Agreements of East 62nd Holding and Bluestone in an individual capacity as guarantor, guaranteeing the payment of the both the investor equity as well as the return on money invested.

20

135.    East 62nd Holding and Bluestone have discontinued the payment of the return on investor equity.

136.    In the February Letter, D'Alessio advised the plaintiffs that the underlying Property was being surrendered to the property mortgagor, thereby extinguishing all investor equity in the property, and all capital of the plaintiffs in East 62nd Holding and Bluestone.

137.    Upon information and belief, defendants have sold and/or are in the process of selling the Property to a third party at a below-market price, in a manner designed to free D'Alessio and his managing member entity of any gurantees to the first mortgagor, and to divest investors of 100% of their capital.

138.    There remains due and owing to the plaintiffs unpaid returns on the equity invested in an amount to be determined at trial, but believed to be in excess of $250,000.

139.    There remains due and owing to the plaintiffs unrepaid investor capital of at least $2.8 million.

140.    By virtue of the foregoing, plaintiffs are entitled to the recovery of damages as against D'Alessio personally in an amount to be determined at trial, but believed to be excess of $3,050,000, plus interest and costs.

## SIXTH CAUSE OF ACTION
(Breach of Contract as against East 62nd Holding)

141.    Plaintiffs repeat, reallege and incorporate each and every allegation contained in paragraphs 1 to 140 above, as if fully set forth herein.

142.    The Operating Agreement of East 62nd Holding constitutes a valid and binding contract between plaintiffs and defendant East 62nd Holding.

143.    Plaintiffs have performed all of their material obligations under that contract.

21

144. East 62nd Holding has breached its obligations to plaintiffs under the contract by failing to pay the returns on equity invested.

145. East 62nd Holding has breached its obligations to plaintiffs under the contract by failing to repay investor capital of at least $2.8 million.

146. By virtue of the foregoing, plaintiffs are entitled to the recovery of damages as against East 62nd Holding in an amount to be determined at trial, but believed to be excess of $3,050,000, plus interest and costs.

### SEVENTH CAUSE OF ACTION
(Breach of Contract as against Bluestone on behalf of plaintiffs Healy and Attis)

147. Plaintiffs repeat, reallege and incorporate each and every allegation contained in paragraphs 1 to 146 above, as if fully set forth herein.

148. The Operating Agreement of Bluestone constitutes a valid and binding contract between plaintiffs Healy and Attis and defendant Bluestone.

149. Plaintiffs Healy and Attis have performed all of their material obligations under that contract.

150. Bluestone has breached its obligations to plaintiffs Healy and Attis under the contract by failing to pay the returns on equity invested.

151. Bluestone has breached its obligations to plaintiffs Healy and Attis under the contract by failing to repay investor capital of at least $400,000.

152. By virtue of the foregoing, plaintiffs are entitled to the recovery of damages as against Bluestone in an amount to be determined at trial, but believed to be excess of $450,000, plus interest and costs.

FILED: WESTCHESTER COUNTY CLERK 03/13/2018 03:59 PM
NYSCEF DOC. NO. 2

INDEX NO. 53540/2018
RECEIVED NYSCEF: 03/13/2018

18-22552-shl    Doc 33-5    Filed 06/08/18    Entered 06/08/18 16:17:13    Exhibit E
Pg 26 of 30

## EIGHTH CAUSE OF ACTION

(For A Constructive Trust as Against D'Alessio, East 62nd Associates, and MPE)

153.    Plaintiffs repeat, reallege and incorporate each and every allegation contained in paragraphs 1 to 152 above, as if fully set forth herein.

154.    Pursuant to the terms of the Operating Agreements, D'Alessio and Bluestone were fiduciaries obligated to act in the best interest of East 62nd Holding and its investors.

155.    Each of D'Alessio and Bluestone, on behalf of themselves and East 62nd Associates and MPE, expressly promised that they would utilize the funds invested by plaintiffs and other investors, and the funds obtained from other sources, solely for the development of the East 62nd Street Project and not to enrich themselves.

156.    Each of the plaintiffs invested in East 62nd Holding in reliance on the representations made to them in the PPM and by D'Alessio and Bluestone.

157.    D'Alessio has threatened to turn over the Property to its secure lenders simply to relieve himself of potential liability to such lenders, and to divest the plaintiffs and all other investors of 100% of their equity.

158.    Upon information and belief, D'Alessio is attempting to sell the 62nd Street Property to pay off his obligations and to divest the plaintiffs and all other investors of 100% of their equity.

159.    A constructive trust should be imposed to prevent the defendants from being unjustly enriched by obtaining the proceeds of a sale of the Property and using said proceeds to satisfy their obligations while simultaneously stripping the plaintiffs of all of their capital and all of their interests in the Property.

160.    Accordingly, a constructive trust should be imposed with respect to the Property and any proceeds derived from the sale of said Property.

23

### NINTH CAUSE OF ACTION
(Preliminary and Permanent Injunction as Against All Defendants)

161.   Plaintiffs repeat, reallege and incorporate paragraphs 1 through 160 above as if fully set forth herein.

162.   In furtherance of his fraudulent scheme, D'Alessio and the other defendants have left the Property financially overextended, are seeking to dispose of the Property at a massive discount and in a manner designed to rid D'Alessio and his managing member entity of any guarantees to the first mortgagor, and thereby to divest the investors of their capital.

163.   Unless defendants are restrained and enjoined from the transfer and/or sale of the Property, plaintiffs will suffer irreparable harm in that plaintiffs will be divested of their capital interest in the Property.

164.   Plaintiffs have no adequate remedy at law.

165.   Accordingly, plaintiffs are entitled to an Order preliminary and permanently enjoining and restraining defendants from selling or otherwise transferring the Property.

**WHEREFORE**, it is respectfully requested that an Order be entered:

a.   On the First Cause of Action as against D'Alessio, East 62nd Holding and Bluestone, awarding plaintiffs damages in an amount to be determined at trial, but not less than $10,000,000, with interest thereon, as well as punitive damages in an amount to be determined at trial;

b.   On the Second Cause of Action, awarding plaintiffs damages in an amount to be determined at trial, but not less than $10,000,000, with interest thereon, as well as punitive damages in an amount to be determined at trial;

c.      On the Third Cause of Action as against defendants D'Alessio, East 62nd

Associates, and MPE, awarding plaintiffs damages in an amount to be determined at trial, but not

less than $5,000,000, with interest thereon;

d.      On the Fourth Cause of Action, awarding plaintiffs damages in an amount to be

determined at trial, but not less than $5,000,000, with interest thereon;

e.      On the Fifth Cause of Action as against D'Alessio, awarding plaintiffs damages in

an amount to be determined at trial, but not less than $3,050,000, with interest thereon;

f.      On the Sixth Cause of Action as against defendant East 62nd Holding, awarding

plaintiffs damages in an amount to be determined at trial, but not less than $3,050,000, with

interest thereon;

g.      On the Seventh Cause of Action as against defendant Bluestone, awarding

plaintiffs Healy and Attis damages in an amount to be determined at trial, but not less than

$450,000, with interest thereon;

h.      On the Eighth Cause of Action as against defendants D'Alessio, East 62nd

Associates, and MPE, imposing a constructive trust with respect to the real property located at

163-167 East 62nd Street, New York, New York, or with respect to any proceeds paid as a result

of any sale of the real property located at 163-167 East 62nd Street, New York, New York;

i.      On the Ninth Cause of Action, issuing an Order preliminarily and permanently

enjoining and restraining defendants from selling or otherwise transferring the real property

located at 163-167 East 62nd Street, New York, New York;

j.       Awarding the costs and fees, including reasonable attorneys' fees, to the

plaintiffs; and

k.      Awarding such other and further relief as is just and proper.

Dated: New York, New York
      March 13, 2018

**ROSENFELD & KAPLAN, LLP**

By: _____
      Tab K. Rosenfeld
      Steven M. Kaplan
      Nicole E. Meyer
      1180 Avenue of the Americas
      Suite 1920
      New York, New York 10036
      (212) 682-1400
      *Attorneys for plaintiffs*

## VERIFICATION

STATE OF NEW YORK             )
                             ) ss.:
COUNTY OF WESTCHESTER         )

MICHAEL KOHN, being duly sworn, deposes and says:

I am an officer of the plaintiff Attis Properties, Inc. in this action.  I have read the

foregoing Verified Complaint and know the contents thereof; the same is true to my own

knowledge, except as to the matters therein stated to be alleged upon information and belief, and

as to those matters, I believe them to be true.

_____
                                 Michael Kohn

Sworn to me before me this
_13_ day of March, 2018

```
CYNTHIA PALETTA
Notary Public – State of New York
NO. 01PA6282215
Qualified in Westchester County
My Commission Expires May 20, 2021
```

_____
Notary Public