**LaMONICA HERBST & MANISCALCO, LLP**  *Presentment Date: October 31, 2018 at 10:00 a.m.*
*Counsel to Marianne T. O'Toole, as Chapter 7 Trustee*  *Objection Deadline: October 30, 2018 by 5:00 p.m.*
3305 Jerusalem Avenue
Wantagh, New York 11793
Telephone: (516) 826-6500
Salvatore LaMonica, Esq.
Holly R. Holecek, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                              Chapter 7

MICHAEL P. D'ALESSIO, et al.,                       Case No.: 18-22552 (RDD)
                                                    (Jointly Administered)

              Debtors.
-------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF MOTION OF CHAPTER 7 TRUSTEE FOR: (I) AN ORDER: (A) APPROVING STIPULATION RESPECTING THE SALE OF THE REAL PROPERTY LOCATED AT 227 EAST 67TH STREET, NEW YORK, NEW YORK 10065 AND CARVE OUT FROM SECURED CLAIM OF PREFERRED BANK; (B) SCHEDULING THE TIME, DATE AND PLACE OF THE AUCTION SALE OF THE PROPERTY; (C) APPROVING TERMS AND CONDITIONS TO GOVERN THE AUCTION SALE OF THE PROPERTY; (D) APPROVING THE FORM AND MANNER OF NOTICE OF SALE; AND (E) SCHEDULING A HEARING TO CONFIRM THE RESULTS OF THE SALE; AND (II) AN ORDER: (A) APPROVING THE SALE OF THE PROPERTY FREE AND CLEAR OF ANY AND ALL INTERESTS IN THE PROPERTY; AND (B) GRANTING RELATED RELIEF**

      **PLEASE TAKE NOTICE** that, on **October 31, 2018 at 10:00 a.m.**, Marianne T. O'Toole, solely in her capacity as the Chapter 7 Trustee ("Trustee") of the estate of 227 E 67th Street Associates LLC ("227 Debtor"), by her undersigned counsel, will present the annexed motion seeking entry of: (I) an order: (a) approving the stipulation between the Trustee and Preferred Bank respecting the sale of the 227 Debtor's real property and a carve-out from Preferred Bank's secured lien for the benefit of the 227 Debtor's estate; (b) scheduling the time, date and place for the public auction sale of the 227 Debtor's real property ("363 Sale"); (c) approving the terms and conditions to govern the 363 Sale; (d) approving the form of notice of the 363 Sale; and (e) scheduling a hearing to confirm the results of the 363 Sale ("Sale

1

Procedures Order"); and (II) an order (in a form to be submitted following the 363 Sale): (a) approving the sale of the 227 Debtor's real property, free and clear of any and all interests in the real property; and (b) approving and granting such other, further and different relief as this Court deems just and proper ("Motion") to the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion must be in writing, conform with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure, state with particularity the grounds therefor and be filed with the Bankruptcy Court no later than **October 30, 2018 by 5:00 p.m.** ("Objection Deadline") as follows: (I) through the Bankruptcy Court's electronic filing system, which may be accessed through the internet at the Bankruptcy Court's website at www.nysb.uscourts.gov and in portable document format (PDF) using Adobe Exchange Software for conversion; or (II) if a party is unavailable to file electronically, such party shall submit the objection in PDF format on portable media in an envelope with the case name, case number, type and title of document, document number to which the objection refers and the file name on the outside of the envelope.

**PLEASE TAKE FURTHER NOTICE** that, if an objection to the Motion is not filed by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter the Sale Procedures Order without further notice.

**PLEASE TAKE FURTHER NOTICE** that if an objection to the Motion is timely filed in accordance with this notice, a hearing will be held on **November 1, 2018 at 10:00 a.m.** before the Honorable Robert D. Drain, United States Bankruptcy Judge, in his courtroom at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601.

Dated: October 10, 2018
      Wantagh, New York

**LaMONICA HERBST & MANISCALCO, LLP**
Counsel to Marianne T. O'Toole, as Trustee

By:   *s/ Salvatore LaMonica*
Salvatore LaMonica, Esq.
Holly R. Holecek, Esq.
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500

**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Marianne T. O'Toole, as Trustee*
3305 Jerusalem Avenue
Wantagh, New York 11793
Telephone: (516) 826-6500
Salvatore LaMonica, Esq.
Holly R. Holecek, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                                          Chapter 7

MICHAEL P. D'ALESSIO, et al.,                                    Case No.: 18-22552 (RDD)
                                                                                 (Jointly Administered)


                    Debtors.
-------------------------------------------------------------x

**MOTION OF CHAPTER 7 TRUSTEE FOR: (I) AN ORDER: (A) APPROVING STIPULATION RESPECTING THE SALE OF THE REAL PROPERTY LOCATED AT 227 EAST 67TH STREET, NEW YORK, NEW YORK 10065 AND CARVE OUT FROM SECURED CLAIM OF PREFERRED BANK; (B) SCHEDULING THE TIME, DATE AND PLACE OF THE AUCTION SALE OF THE PROPERTY; (C) APPROVING TERMS AND CONDITIONS TO GOVERN THE AUCTION SALE OF THE PROPERTY; (D) APPROVING THE FORM AND MANNER OF NOTICE OF SALE; AND (E) SCHEDULING A HEARING TO CONFIRM THE RESULTS OF THE SALE; AND (II) AN ORDER: (A) APPROVING THE SALE OF THE PROPERTY FREE AND CLEAR OF ANY AND ALL INTERESTS IN THE PROPERTY; AND
<u>(B) GRANTING RELATED RELIEF</u>**

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

Marianne T. O'Toole, solely in her capacity as the Chapter 7 Trustee ("<u>Trustee</u>") of the estate of 227 E 67th Street Associates LLC ("<u>227 Debtor</u>"), by her undersigned counsel, submits this motion ("<u>Motion</u>") seeking entry of: (I) an order, substantially in the form annexed as **Exhibit A** ("<u>Sale Procedures Order</u>"): (a) approving the stipulation between the Trustee and Preferred Bank ("<u>Preferred Bank</u>") respecting the sale of the 227 Debtor's real property and a carve-out from Preferred Bank's secured lien for the benefit of the 227 Debtor's estate, a copy of which is annexed as **Exhibit B** ("<u>Stipulation</u>"); (b) scheduling the time, date and place for the

public auction sale of the 227 Debtor's real property ("363 Sale"); (c) approving the terms and conditions to govern the 363 Sale, substantially in the form annexed as **Exhibit C** ("Terms and Conditions"); (d) approving the form of notice of the 363 Sale, substantially in the form annexed as **Exhibit D** ("Notice of Sale"); and (e) scheduling a hearing to confirm the results of the 363 Sale; and (II) an order (in a form to be submitted following the 363 Sale) ("Sale Approval Order"): (a) approving the sale of the 227 Debtor's real property, free and clear of any and all interests in the real property; and (b) approving and granting such other, further and different relief as this Court deems just and proper, and respectfully states as follows:

## PRELIMINARY STATEMENT

1. By this Motion, the Trustee seeks authorization to, inter alia, proceed with a public auction sale of the 227 Debtor's real property in accordance with the Stipulation, section 363 of the Bankruptcy Code and General Order M-383 dated November 18, 2009 adopting the Amended Guidelines for the Conduct of Asset Sales ("M-383 Order").

2. The 227 Debtor owns the real property located at 227 East 67th Street, New York, New York 10065 ("227 Property"). The 227 Property is encumbered by a first mortgage lien held by Preferred Bank ("227 Mortgage"). The Trustee and Preferred Bank recognize and agree that the sale of the 227 Property is in the best interests of all parties.

3. As reflected in Stipulation, Preferred Bank has consented to the 363 Sale of the 227 Property and agreed to a carve-out from the 227 Mortgage for the benefit of the 227 Debtor's estate to pay, inter alia, real estate tax liens against the 227 Property and the administrative costs and expenses associated with the sale of the 227 Property and the 227 Debtor's case. The proposed agreement with Preferred Bank provides a mechanism for the

liquidation of the 227 Property and creates a fund from which creditors of the 227 Debtor can be paid in accordance with the priority scheme set forth in the Bankruptcy Code.

4. The Stipulation also provides that Preferred Bank may credit bid for the 227 Property in accordance with section 363(k) of the Bankruptcy Code. The Stipulation further provides that Preferred Bank shall credit bid for the 227 Property in an initial amount of $15,000,000. To the extent Preferred Bank is the successful purchaser of the 227 Property, the Stipulation provides that Preferred Bank shall, in exchange for a deed to the 227 Property, tender to the Trustee an agreed-to carve-out within 14 days of the 363 Sale and pay all liens on the 227 Property of a higher priority than its mortgage.

5. The Trustee proposes to conduct the 363 Sale on December 12, 2018 at 11:00 a.m. in Unit 1 at the 227 Property.[1]

6. By separate application, the Trustee will seek to employ Maltz Auctions, Inc. d/b/a Maltz Auctions as her auctioneer to market and sell the 227 Property at the 363 Sale.

7. The Trustee respectfully requests that the hearing to confirm the results of the 363 Sale be scheduled for December 21, 2018 at 10:00 a.m. ("Sale Approval Hearing").

8. For these and the reasons set forth below, the Trustee respectfully requests that the Court approve the Motion.

**JURISDICTION AND VENUE**

9. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

10. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Trustee has entered into a similar stipulation with Preferred Bank respecting the sale of the property located at 184 East 64th Street, New York, New York 10065 and it is anticipated that both properties will be auctioned at the 227 Property on December 12, 2018.

3

11. The statutory predicates for the relief sought in this Motion include 11 U.S.C. §§ 105, 363 and 506 ("Bankruptcy Code") and Rules 2002 and 6004(h) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

## BACKGROUND

12. On June 7, 2018 ("Petition Date"), the 227 Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York ("Court").

13. Marianne T. O'Toole is the Chapter 7 Trustee of the 227 Debtor's estate.

14. Pursuant to an Order of the Court dated July 17, 2017, the 227 Debtor's case is being jointly administered under the *In re: Michael P. D'Alessio* bankruptcy case.

A. **The 227 Property**

15. As of the Petition Date, the 227 Debtor owned the 227 Property.

16. The 227 Property has 5 luxury, residential units, 3 of which are occupied as of the date of this Motion.

17. As reflected in the 227 Debtor's Schedule D, the 227 Property is encumbered by a first mortgage held by Preferred Bank in the original principal amount of $20,000,000.

18. As of August 31, 2018, Preferred Bank asserts that it is owed $21,623,789.35 on account of the 227 Mortgage ("227 Secured Claim").

B. **The Stipulation**

19. The Trustee and Preferred Bank agree that the proceeds from the 363 Sale of the 227 Property may be insufficient to satisfy the 227 Secured Claim, closing costs, and all administrative costs and expenses associated with the sale and the 227 Debtor's case. See **Exhibit B** at p. 2. Accordingly, the Trustee and Preferred Bank negotiated and entered into the

4

Stipulation which, inter alia, provides that Preferred Bank consents to the 363 Sale of the 227 Property and agrees to carve-out of the 227 Secured Claim certain sums for the benefit of the 227 Debtor's estate.

20.  Specifically, the Stipulation provides that, to the extent Preferred Bank is the successful purchaser of the 227 Property at the 363 Sale, Preferred Bank (or its designee) shall, in exchange for the delivery of a Trustee's deed: (a) tender to the Trustee $446,500 within 14 days of the 363 Sale for the payment of (subject to separate Order of the Court): (i) the Trustee's commissions and expenses in the amount of $150,000; (ii) the fees and expenses of the Trustee's retained attorneys up to $90,000; (iii) the commission and expenses of the Trustee's retained auctioneer or broker up to $90,000; (iv) the fees and expenses of the Trustee's retained financial advisors up to $15,000; and (v) distributions on account of allowed claims (after payment of administrative claims) in accordance with the Bankruptcy Code; and (b) pay and satisfy any and all liens against the 227 Property of higher property than the 227 Mortgage See **Exhibit B** at p. 3, ¶ 5.

21.  To the extent the Trustee sells the 227 Property to a third party, the Stipulation provides for a carve-out from the proceeds of the sale of the 227 Property and the 227 Mortgage to: (a) pay any and all liens of higher priority than the 227 Mortgage in full; (b) pay reasonable, customary closing costs, fees or taxes required to be paid by the estate at closing; and (c) 5% of the gross sale proceeds for the payment of (subject to separate Order of the Court): (i) the Trustee's commissions and expenses; (ii) the fees and expenses of the Trustee's retained attorneys; (iii) the commission and expenses of the Trustee's retained auctioneer or broker; (iv) the fees and expenses of the Trustee's retained financial advisors; and (v) distributions on

5

account of allowed claims (after payment of administrative claims) in accordance with the Bankruptcy Code. See **Exhibit B** at 3-4, ¶ 6.

22.     The Stipulation is made a part hereof and incorporated herein by reference. Reference is made to the Stipulation for all its precise terms and conditions.

**RELIEF REQUESTED AND BASIS FOR RELIEF**

23.     By this Motion, the Trustee seeks: (a) entry of the Sale Procedures Order (**Exhibit A** hereto): (i) approving the Stipulation (**Exhibit B** hereto); (ii) scheduling the time, date and place for 363 Sale; (iii) approving the Terms and Conditions of Sale (**Exhibit C** hereto); (iv) approving the Notice of Sale (**Exhibit D** hereto); and (v) scheduling a hearing to confirm the results of the 363 Sale; and (b) entry of the Sale Approval Order (in a form to be submitted following the 363 Sale): (i) authorizing and approving the sale of the 227 Property, free and clear of any and all interests in the 227 Property including, but not limited to, any and all liens, claims and encumbrances (collectively, "Interests"); and (ii) approving and granting such other, further and different relief as this Court deems just and proper.

24.     The sale of the 227 Property is appropriate and necessary. The proposed 363 Sale will ensure that the value of the 227 Property is maximized and that the highest or best offer for the 227 Property is received.

**I.      The Entry of the Sale Procedures Order Is Appropriate And Necessary**

25.     In accordance with the M-383 Order, the proposed Sale Procedures Order approves the Stipulation and sets forth the terms and conditions of the solicitation of offers for the 227 Property at the 363 Sale. For the reasons set forth more fully below, the Sale Procedures Order merits approval.

6

### A. The Stipulation Should Be Approved

26. The Trustee submits that the sale of the 227 Property in accordance with the Stipulation is in the best interests of the 227 Debtor's estate and should be approved.

27. The Trustee and Preferred Bank agree that the sale proceeds from the 363 Sale of the 227 Property may be insufficient to satisfy the secured claim of Preferred Bank and all administrative costs and expenses associated with the 363 Sale. The Stipulation provides for the consensual sale of the 227 Property and provides for a carve-out from the 227 Mortgage from which distributions can be made in the 227 Debtor's case.

28. The sale of the 227 Property in accordance with the Stipulation will provide the 227 Debtor's estate an opportunity to realize the greatest value from the 227 Property.

29. The Trustee, in the exercise of her reasonable business judgment, recommends that the Court approve the Stipulation.

### B. The 363 Sale Should Be Scheduled

30. The Trustee has consulted with her professionals and determined in her reasonable business judgment that it is both necessary and appropriate to proceed with the 363 Sale at this time. The 227 Debtor is not operating, real estate taxes are accruing and winter is approaching. It is in the best interests of the 227 Debtor's estate and all of its creditors for the 227 Property to be sold. The Trustee proposes to conduct the 363 Sale at the 227 Property on December 12, 2018, which will provide sufficient time to market the 363 Sale and the 227 Property.

### C. The Terms and Conditions of Sale Should Be Approved

31. The proposed Terms and Conditions of Sale for the 227 Property are annexed as **Exhibit C**.

32. The salient provisions of the proposed Terms and Conditions of Sale of the 227 Property are as follows: (a) to register to bid, prospective bidders must present a certified or official bank check in the amount of $1,500,000 payable to the Trustee; (b) the successful bidder must close title within thirty-five (35) days of the 363 Sale (i.e., on or before January 16, 2019), time being of the essence as to the successful bidder; (c) the successful bidder must pay all county, state or other property transfer taxes in connection with the 363 Sale and transfer of the 227 Property; (d) the 227 Property is being sold "as is," "where is," "with all faults," and without any representations or warranties of any kind; and (e) the 227 Property is being sold free and clear of any and all Interests, but subject to, inter alia, (i) any and all leases, tenancies or occupancy rights; (ii) any state of facts that an accurate survey may show; (iii) any state of facts a physical inspection may show; (iv) any covenants, restrictions and easements of record; (v) any building or zoning ordinances or other applicable municipal regulations and violations thereof; and (vi) environmental conditions. See, generally, **Exhibit C**.

33. The Trustee submits that the proposed Terms and Conditions of Sale are reasonably designed to ensure that the 227 Debtor's estate receives the maximum benefit from the sale of the 227 Property and therefore warrant Court approval.

### D. The Notice of Sale Should Be Approved

34. Pursuant to Bankruptcy Rules 2002(c) and 6004(a), the Trustee is required to give twenty-one (21) days' notice of any proposed sale of property not in the ordinary course of business to the debtor and all creditors. See FED. R. BANKR. P. 2002(c) and 6004(a). Bankruptcy Rule 2002(c) provides that such notice must include the time and place of any auction, a sale hearing, and the time fixed for objections to the sale. See FED. R. BANKR. P. 2002(c).

35. Here, the Trustee will serve the Notice of Sale substantially in the form annexed as **Exhibit D** in accordance with Bankruptcy Rule 2002(c) at least twenty-one (21) days prior to the 363 Sale.

36. As reflected in the Notice of Sale, it includes: (a) the date, time and location of the 363 Sale; (b) the Terms and Conditions of the 363 Sale; and (c) a reasonably specific description of the 227 Property. Notice of the 363 Sale will also be published in appropriate publications in advance of the 363 Sale.

37. The Trustee submits that the Notice of Sale as proposed substantially complies with Bankruptcy Rule 2002 and the M-383 Order, and constitutes good and adequate notice of the 363 Sale. Therefore, the Trustee respectfully requests that the Court approve the proposed Notice of Sale.

### E.    The Sale Approval Hearing

38. The Trustee proposes that, following the 363 Sale, an affirmation to confirm the results of the sale will be submitted to the Court along with the proposed Sale Approval Order authorizing and approving, inter alia, the Trustee's sale of the 227 Property to the successful bidder from the 363 Sale.

39. The Trustee proposes that the Sale Approval Hearing be conducted on December 21, 2018 at 10:00 a.m.

## II.    The Sale Approval Order Should Be Entered

40. By this Motion, the Trustee also seeks entry of the Sale Approval Order following the hearing to confirm the results of the 363 Sale. As set forth above, the Trustee intends to submit an affirmation confirming the results of the 363 Sale and the proposed Sale Approval Order prior to the Sale Approval Hearing.

### A. The Sale Of The 227 Property Represents A Reasonable Exercise Of The Trustee's Business Judgment And Should Be Approved

41. Pursuant to section 704(a) of the Bankruptcy Code, Chapter 7 trustees are required to "reduce to money the property of the estate for which such trustee serves." 11 U.S.C. § 704(a)(1). Under Bankruptcy Rule 6004(f)(1), a trustee is permitted to sell property of the estate pursuant to section 363(b) of the Bankruptcy Code by private sale or public auction. FED. R. BANKR. P. 6004(f)(1). Section 363(b) of the Bankruptcy Code and Bankruptcy Rule 6004 govern the sale of assets outside of the ordinary course of a debtor's business. Section 363 of the Bankruptcy Code provides, in relevant part, that "[t]he trustee, after notice and hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . . ." 11 U.S.C. § 363(b)(1).

42. The M-383 Order supplements the requirements of section 363 of the Bankruptcy Code, Bankruptcy Rule 6004, and provides, in pertinent part, that:

> When an auction is contemplated, the [Trustee] should file a single motion seeking the entry of two orders to be considered at two separate hearings. The first order . . . will approve procedures for the sale process, including any protections for an initial bidder, or stalking horse buyer, and the second order . . . will approve the sale to the successful bidder at the auction.

See M-383 Order at 2.

43. In addition, section 105(a) of the Bankruptcy Code grants the Court the authority to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

44. The Trustee is statutorily charged with liquidating property of the 227 Debtor's estate as expeditiously as is compatible with the best interests of the estate. See 11 U.S.C. § 704(a)(1). Here, the Trustee used her sound business judgment to determine that selling the 227 Property outside the ordinary course of business pursuant to the Stipulation at the 363 Sale is

10

justified, necessary and appropriate. Given that the 227 Debtor is in Chapter 7 and the 227 Property is not necessary for any reorganization, the prudent course is to proceed with its immediate sale. Indeed, compelling business justifications exist to authorize the 363 Sale as set forth herein.

45.     Based upon the foregoing, the Trustee submits that the proposed sale of the 227 Property represents a reasonable exercise of the Trustee's business judgment and should be approved.

**B.    The 227 Property Should Be Sold Free And Clear Of Any And All Interests Pursuant to Section 363(f) of the Bankruptcy Code**

46.     Section 363 of the Bankruptcy Code permits a trustee to sell property free and clear of <u>any</u> interest in such property if: (a) applicable state law will permit the sale; (b) such entity consents; (c) the price at which the assets is being sold exceeds the aggregate value of all liens on such property; (d) the interest is in *bona fide* dispute; or (e) the entity with an interest in the asset being sold could be compelled in a legal or equitable proceeding to accept a money satisfaction of its interest in and to the property. <u>See</u> 11 U.S.C. § 363(f).

47.     Here, as reflected in the Stipulation, Preferred Bank has consented to the sale of the 227 Property and agreed to a carve-out from its secured lien for the benefit of the 227 Debtor's estate. Furthermore, all known holders of an interest in the 227 Property will be provided notice of this Motion and the proposed 363 Sale of the 227 Property. Thus, all known holders of an interest in the 227 Property will have an opportunity to oppose the 363 Sale contemplated herein.

48.     Based on the foregoing, the requirements of section 363(f) of the Bankruptcy Code are satisfied, and the 227 Property may be sold free and clear of any and all Interests.

### C. The Successful Bidder Should Be Afforded Protection Under Section 363(m) Of The Bankruptcy Code

49. Section 363(m) of the Bankruptcy Code affords protection to a good faith purchaser in any interest in property purchased from an estate, whether the sale conducted is later reversed or modified on appeal. Specifically, section 363(m) provides as follows:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m). See Allstate Ins. Co. v. Hughes, 174 B.R. 884, 888 (Bankr. S.D.N.Y. 1994) ("Section 363(m) . . . provides that good faith transfers of property will not be affected by the reversal or modification on appeal of an unstayed order, whether or not the transferee knew of the pendency of the appeal."); In re Stein & Day, Inc., 113 B.R. 157, 162 (Bankr. S.D.N.Y. 1990) ("good faith purchasers are protected from the reversal of a sale on appeal unless there is a stay pending appeal").

50. The Second Circuit Court of Appeals has held that a party would have to show fraud or collusion between a buyer and the debtor-in-possession or trustee in order to demonstrate a lack of good faith. See Kabro Assocs. of West Islip, LLC v. Colony Hill Assocs. (In re Colony Hill Assocs.), 111 F. 3d 269, 276 (2d Cir. 1997) (citations omitted) ("[t]ypically the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the Trustee, or an attempt to take grossly unfair advantage of other bidders."). See also In re Bakalis, 220 B.R. 525, 537 (Bankr. E.D.N.Y. 1998).

51. Here, the Trustee intends to conduct the 363 Sale of the 227 Property. The Trustee anticipates that, following the 363 Sale, she will seek to confirm the sale to the highest or best

12

bidder. The Trustee anticipates that such bidder for the 227 Property will be acting in good faith since the 363 Sale will be conducted at arm's-length with an opportunity for competitive bidding.

52. Accordingly, the Sale Approval Order will afford the successful bidder at the 363 Sale the protections available under section 363(m) of the Bankruptcy Code.

53. Pursuant to the M-383 Order, the Trustee is required to highlight any "extraordinary provisions" in a separate section of a motion seeking to sell estate assets. The Trustee submits that there are no "extraordinary provisions" with respect to the proposed 363 Sale that have not otherwise been highlighted herein.

## NOTICE AND NO PRIOR REQUEST

54. Notice of this Motion will be provide to all parties required to receive notice pursuant to Bankruptcy Rule 2002(a)(2), and all current tenants of the 227 Property.

55. No previous request for the relief sought herein has been made by the Trustee to this or any other Court.

**WHEREFORE** the Trustee respectfully requests that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: October 10, 2018
       Wantagh, New York         **LaMONICA HERBST & MANISCALCO, LLP**
                                  Counsel to Marianne T. O'Toole, as Trustee

                         By:      *s/ Salvatore LaMonica*
                                  Salvatore LaMonica, Esq.
                                  Holly R. Holecek, Esq.
                                  3305 Jerusalem Avenue, Suite 201
                                  Wantagh, New York 11793
                                  Telephone: (516) 826-6500

13