UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                                  Chapter 7

MICHAEL P. D'ALESSIO, et al.,                          Case No.: 18-22552 (RDD)
                                                                          (Jointly Administered)

              Debtors.
-------------------------------------------------------------x

**ORDER CONFIRMING SALE OF THE 3 SANDPIPER COURT LLC
DEBTOR'S REAL PROPERTY LOCATED AT 3 SANDPIPER COURT,
WESTHAMPTON, NEW YORK 11977**

Upon that portion of the motion [Dkt. No. 167] of Marianne T. O'Toole, solely in her capacity as the Chapter 7 trustee ("Trustee") of the estate of 3 Sandpiper Court LLC ("3 Sandpiper Debtor"), for entry of an order pursuant to sections 105 and 363(b) and (f) of title 11 of the United States Code ("Bankruptcy Code") and Rules 2002(a)(2) and 6004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") (a) approving the sale of the 3 Sandpiper Debtor's real property located at 3 Sandpiper Court, Westhampton, New York 11977 ("3 Sandpiper Property"), free and clear of any and all interests in the real property, and (b) approving and granting such other, further and different relief as this Court deems just and proper; and upon the Notice To Creditors And Other Parties In Interest Of Trustee's Intended Sale [Dkt. No. 193] and the related Affidavit of Service [Dkt. No. 197]; and upon the Order dated October 29, 2018 ("Sale Procedures Order") [Dkt. No. 202] authorizing, inter alia, the Trustee to conduct a public auction sale of the 3 Sandpiper Property, subject to subsequent Court approval; and upon the public auction sale of the 3 Sandpiper Property conducted on November 14, 2018 ("Auction Sale"); and upon the Affidavit of Richard B. Maltz ("Affidavit") [Dkt. No. 214], Chief Executive Officer of the Trustee's retained auctioneer, Maltz Auctions. Inc. d/b/a Maltz Auctions ("Maltz Auctions"), in support of entry of an order, inter alia, confirming the

1

results of the Auction Sale of the 3 Sandpiper Property to Toni Jo Morrell ("Purchaser") for the sum of $1,335,000 ("Purchase Price"); and Edmond Mayourian ("Backup Purchaser") having made the second highest and best bid for the 3 Sandpiper Property at the Auction Sale in the amount of $1,325,000; and a hearing having been conducted on November 16, 2018 ("Hearing"); and upon the record of the Hearing, the transcript of which is incorporated by reference herein; and no additional notice or hearing being required, THE COURT FINDS AND DETERMINES THAT:

   a. Proper, timely, adequate and sufficient notice of the proposed Auction Sale of the 3 Sandpiper Property was provided in accordance with sections 102 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 4001 and 6004.

   b. Creditors, parties-in-interest and other entities were afforded a reasonable opportunity to bid on the 3 Sandpiper Property.

   c. The marketing process implemented by the Trustee and Maltz Auctions, as set forth in the Affidavit and at the Hearing, was fair, proper, complete and reasonably calculated to result in the best value for the 3 Sandpiper Property.

   d. The Purchase Price is the highest and best offer received by the Trustee after marketing and a fair and open sale process.

   e. The sale to the Purchaser (or a designee of the Purchaser approved by the Trustee) is an arm's-length transaction entered into by the Trustee and the Purchaser without collusion, in good faith and from arm's-length bargaining positions.

   f. The Purchaser is not an "insider," as that term is defined in section 101(31) of the Bankruptcy Code, of the 3 Sandpiper Debtor or the Trustee.

    g.  The Purchaser has not acted in a collusive manner with any person and the Purchase Price was not controlled by any agreement among bidders.

    h.  In the absence of a stay pending appeal prior to the closing, the Purchaser will be acting in good faith pursuant to section 363(m) of the Bankruptcy Code in closing on the sale of the 3 Sandpiper Property after the entry of this Order.

    i.  The Purchaser is a good faith purchaser of the 3 Sandpiper Property within the meaning of section 363(m) of the Bankruptcy Code and is therefore entitled to all of the protections afforded thereby.

    j.  The proposed sale is a proper exercise of business judgment.

NOW, THEREFORE, IT IS HEREBY

ORDERED that, pursuant to sections 363(b), (f) and (m) of the Bankruptcy Code, the Trustee is authorized to sell the 3 Sandpiper Property to the Purchaser, or her designee approved by the Trustee, for the Purchase Price in accordance with the Terms and Conditions of Sale executed by the Purchaser and the Sale Procedures Order; and it is further

ORDERED that the 3 Sandpiper Property shall be sold to the Purchaser free and clear of any and all liens, claims and interests in or against the 3 Sandpiper Property, including, but not limited to, monetary liens, claims and encumbrances of whatever kind or nature, with all such liens, claims and interests to attach to the sale proceeds in the same amount and priority, with the same validity and enforceability, and subject to the same defenses as existed immediately before the closing; and it is further

ORDERED that, if the Purchaser closes on the sale of Property at any time on or after the entry of this Order, the parties shall be entitled to the protection of section 363(m) of the Bankruptcy Code, or any authorization contained herein in its entirety on appeal, <u>provided</u>

further that the purchase of the 3 Sandpiper Property by the Purchaser constitutes a good faith purchase for fair value within the meaning of section 363(m) of the Bankruptcy Code; and, it is further

ORDERED that the sale of Property approved by this Order is not subject to avoidance under section 363(n) of the Bankruptcy Code; and it is further

ORDERED that, if the Purchaser fails to close on the sale of the 3 Sandpiper Property in accordance with the Terms and Conditions of Sale, the Trustee is authorized to sell the 3 Sandpiper Property to the Backup Purchaser and the relief granted herein shall apply to the Backup Purchaser; and it is further

ORDERED that the protections afforded the Purchaser under this Order shall include any designee of the Purchaser as approved by the Trustee and, to the extent applicable, the Backup Purchaser; and it is further

ORDERED that each and every federal, state and local government agency or department is directed to accept any and all documents necessary and appropriate to consummate the sale of Property outlined herein, and a copy of this Order may be filed in any place where state, federal or local law permits filing or recording; and it is further

ORDERED that the Trustee is authorized and empowered to expend such funds and execute and deliver any and all documents as are reasonably necessary to (i) implement the terms of this Order and the Sale Procedures Order, and (ii) effectuate the closing of title to the 3 Sandpiper Property, including, without limitation, paying and satisfying from the proceeds of sale, once the funds have cleared the Trustee's account, any and all costs relating to the sale, including, without limitation, any normal and customary closing costs, water charges, outstanding real estate and school taxes; and it is further

ORDERED that this Court may retain exclusive jurisdiction to interpret, construe and enforce the provisions of this Order.

Dated: White Plains, New York
       November 19, 2018

                                       /s/Robert D. Drain
                                       United States Bankruptcy Judge