UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                                   Chapter 7

MICHAEL P. D'ALESSIO, et al.,                             Case No.: 18-22552 (RDD)
                                                                                (Jointly Administered)

            Debtors.
-----------------------------------------------------------x

**ORDER CONFIRMING AND APPROVING SALE OF THE 145-147 EAST 62ND STREET ASSOCIATES LLC DEBTOR'S REAL PROPERTY LOCATED AT 145-147 EAST 62ND STREET, NEW YORK, NEW YORK 10065**

Upon that portion of the motion [Dkt. No. 225] (the "Motion') of Marianne T. O'Toole, solely in her capacity as the Chapter 7 trustee ("Trustee") of the estate of 145-147 East 62nd Street Associates LLC ("145-147 Debtor"), for entry of an order pursuant to sections 105 and 363 of title 11 of the United States Code ("Bankruptcy Code") and Rules 2002(a)(2) and 6004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"): (a) approving the sale of the 145-147 Debtor's real property located at 145-147 East 62nd Street, New York, New York 10065 ("145-147 Property"), free and clear of any and all interests in the real property, and (b) approving and granting such other relief as this Court deems just and proper; and upon the Notice To Creditors And Other Parties In Interest Of Trustee's Intended Sale [Dkt. No. 245] and the related Affidavit of Service [Dkt. No. 254]; and upon the Order dated January 2, 2019 ("Sale Procedures Order") [Dkt. No. 260] authorizing, among other things, the Trustee to conduct a public auction sale of the 145-147 Property and approving a stipulation between the Trustee and 145 E 62nd Street Lender LLC ("145-147 Lender") respecting the sale of the 145-147 Property ("Approved Stipulation"); and upon the public auction sale of the 145-147 Property conducted on January 22, 2019 ("Auction Sale"); and upon the Affidavit of Richard B. Maltz ("Affidavit") [Dkt. Nos. 269, 270], Chief Executive Officer of the Trustee's retained auctioneer, Maltz

1

Auctions. Inc. d/b/a Maltz Auctions ("Maltz Auctions"), in support of entry of an order, among other things confirming the results of the Auction Sale of the 145-147 Property to 555 Fifth LLC ("Purchaser") for the sum of $6,550,000 ("Purchase Price"); and 145 E 62nd Street Lender LLC ("145-147 Lender") having made the second highest and best bid for the 145-147 Property at the Auction Sale in the credit bid amount of $6,218,469.72; and a hearing having been conducted on January 28, 2019 ("Hearing"); and upon the record of the Hearing, the transcript of which is incorporated by reference herein; and no additional notice or hearing being required, THE COURT FINDS AND DETERMINES THAT:

a. Proper, timely, adequate and sufficient notice of the Motion and Auction Sale of the 145-147 Property was provided in accordance with sections 102 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 4001 and 6004.

b. Creditors, parties-in-interest and other entities were afforded a reasonable opportunity to bid on the 145-147 Property and/or to object to the proposed sale.

c. The marketing process implemented by the Trustee and Maltz Auctions, as set forth in the Affidavit and at the Hearing, was fair, proper, complete and reasonably calculated to result in the best value for the 145-147 Property.

d. The Purchase Price is the highest and best offer received by the Trustee after marketing and a fair and open sale process, and its acceptance by the Trustee is a proper exercise of business judgment and in the best interests of the 145-147 Debtor and its estate and creditors.

e. The sale to the Purchaser (or a designee of the Purchaser approved by the Trustee) is an arm's-length transaction entered into by the Trustee and the Purchaser without collusion, in good faith and from arm's-length bargaining positions.

    f.   The Purchaser is not an "insider," as that term is defined in section 101(31) of the Bankruptcy Code, of the 145-147 Debtor or the Trustee.

    g.   The Purchaser has not acted in a collusive manner with any person and the Purchase Price was not controlled by any agreement among bidders.

    h.   In the absence of a stay pending appeal prior to the closing, the Purchaser will be acting in good faith pursuant to section 363(m) of the Bankruptcy Code in closing on the sale of the 145-147 Property under the Terms and Conditions of Sale executed by the Purchaser after the entry of this Order.

    i.   The Purchaser is a good faith purchaser of the 145-147 Property within the meaning of section 363(m) of the Bankruptcy Code and is therefore entitled to all of the protections afforded thereby.

NOW, THEREFORE, IT IS HEREBY

ORDERED that, pursuant to sections 363(b), (f), (m) and (n) of the Bankruptcy Code, the Trustee is authorized to sell the 145-147 Property to the Purchaser, or its designee approved by the Trustee, for the Purchase Price in accordance with the Terms and Conditions of Sale executed by the Purchaser; and it is further

ORDERED that the 145-147 Property shall be sold to the Purchaser free and clear of any and all liens, claims, interests, and encumbrances in, on, or against the 145-147 Property including, but not limited to, monetary liens, claims and encumbrances of whatever kind or nature, with all such liens, claims, interests, and encumbrances to attach to the sale proceeds in the same amount and priority, with the same validity and enforceability, and subject to the same defenses as existed immediately before the entry of the Order for Relief against the 145-147 Debtor; and it is further

ORDERED that, if the Purchaser closes on the sale of the 145-147 Property at any time on or after the entry of this Order in accordance with the Terms and Conditions of Sale executed by the Purchaser, the parties shall be entitled to the protection of section 363(m) of the Bankruptcy Code, or any authorization contained herein in its entirety on appeal, *provided further* that the purchase of the 145-147 Property by the Purchaser constitutes a good faith purchase for fair value within the meaning of section 363(m) of the Bankruptcy Code; and, it is further

ORDERED that the sale of the 145-147 Property approved by this Order is not subject to avoidance under section 363(n) of the Bankruptcy Code; and it is further

ORDERED that, if the Purchaser fails to close on the sale of the 145-147 Property in accordance with the Terms and Conditions of Sale, the Trustee is authorized to sell the 145-147 Property to the 145-147 Lender pursuant to the Approved Stipulation, and the relief granted herein shall apply to the 145-147 Lender; and it is further

ORDERED that the protections afforded the Purchaser under this Order shall include any designee of the Purchaser as approved by the Trustee and, to the extent applicable, the 145-147 Lender; and it is further

ORDERED that each and every federal, state and local government agency or department is directed to accept any and all documents necessary and appropriate to consummate the sale of Property outlined herein, and a copy of this Order may be filed in any place where state, federal or local law permits filing or recording; and it is further

ORDERED that, notwithstanding Bankruptcy Rule 6004(h), this Order shall not be stayed for fourteen (14) days after the entry hereof and shall be effective and enforceable immediately upon entry hereof; and it is further

ORDERED that the Trustee is authorized and empowered to expend such funds and execute and deliver any and all documents as are reasonably necessary to: (i) implement the terms of this Order and the Sale Procedures Order, and (ii) effectuate the closing of title to the 145-147 Property, including, without limitation, paying and satisfying from the proceeds of sale, once the funds have cleared the Trustee's account, any and all costs relating to the sale, including, without limitation, any normal and customary closing costs, water charges, outstanding real estate and school taxes; and it is further

ORDERED that this Court may retain exclusive jurisdiction to interpret, construe and enforce the provisions of this Order.

Dated: January 28, 2019
      White Plains, New York

                                              /s/Robert D. Drain
                                              Hon. Robert D. Drain
                                              United States Bankruptcy Judge