UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:                                                    Chapter 7

MICHAEL P. D'ALESSIO, et al.,                             Case No.: 18-22552 (RDD)
                                                          (Jointly Administered)

                                    Debtors.
-----------------------------------------------------------------x

**STIPULATION AND ORDER RESPECTING FINAL ALLOCATION OF CASH
COLLATERAL BETWEEN MARIANNE T. O'TOOLE, AS CHAPTER 7 TRUSTEE OF
184 EAST 64TH STREET ASSOCIATES LLC AND 227 E 67TH STREET ASSOCIATES
LLC, AND PREFERRED BANK AND AUTHORIZING CERTAIN PAYMENTS
FROM CASH COLLATERAL OF PREFERRED BANK**

This stipulation and order is made as of January 30, 2019 by and between Marianne T.

O'Toole, as Chapter 7 Trustee of 184 East 64th Street Associates LLC ("184 Debtor") and 227 E

67th Street Associates LLC ("227 Debtor" and, together the "184 & 227 Debtors"), and Preferred

Bank.

WHEREAS, pursuant to a Stipulation and Order dated July 30, 2018 between the Trustee

and Preferred Bank ("Initial Cash Collateral Order") [Dkt. No. 74], which is incorporated by

reference as if fully set forth herein, the Trustee was authorized to use the 184 Cash Collateral and

227 Cash Collateral (as defined in the Initial Cash Collateral Order) through and including October

1, 2018;

WHEREAS, pursuant to the Initial Cash Collateral Order, Preferred Bank was granted a

superpriority replacement lien senior to, and with priority over, all other claims, but subordinate

to the commissions, fees and expenses of the Trustee, her retained professionals and the United

States Trustee Fees under 28 U.S.C. § 1930, not to exceed $40,000 in the aggregate in the 184

Cash Collateral;

WHEREAS, pursuant to the Initial Cash Collateral Order, Preferred Bank was granted a

superpriority replacement lien senior to, and with priority over, all other claims, but subordinate

1

to the commissions, fees and expenses of the Trustee, her retained professionals and the United States Trustee Fees under 28 U.S.C. § 1930, not to exceed $40,000 in the aggregate in the 227 Cash Collateral;

WHEREAS, pursuant to a Stipulation and Order dated October 12, 2018 between the Trustee and Preferred Bank ("Second Cash Collateral Order") [Dkt. No. 184], which is incorporated by reference as if fully set forth herein, the Trustee was authorized to use the 184 Cash Collateral and 227 Cash Collateral through and including January 16, 2019, and the Trustee was authorized to make adequate protection payments to Preferred Bank from the 184 Cash Collateral and 227 Cash Collateral;

WHEREAS, in accordance with the Second Cash Collateral Order, the Trustee made adequate protection payments to Preferred Bank totaling $25,000 from the 227 Cash Collateral and $125,000 from the 184 Cash Collateral;

WHEREAS, on or about January 16, 2019, the Trustee closed on the sale of the 184 Debtor's real property to 184 E 64th LLC, the approved designee of Preferred Bank, in accordance with the Order of the Court dated December 27, 2018 [Dkt. No. 247];

WHEREAS, in accordance with an approved stipulation between the Trustee and Preferred Bank, the Trustee received a carve-out of $503,500 for the benefit of the 184 Debtor's estate ("184 Carve-Out");

WHEREAS, on or about January 16, 2019, the Trustee closed on the sale of the 227 Debtor's real property to 227 E 67th LLC, the approved designee of Preferred Bank, in accordance with the Order of the Court dated December 27, 2018 [Dkt. No. 249];

2

WHEREAS, in accordance with an approved stipulation between the Trustee and Preferred Bank, the Trustee received a carve-out of $446,500 for the benefit of the 227 Debtor's estate ("227 Carve-Out");

WHEREAS, as of January 30, 2019, the balance of the 184 Cash Collateral is $135,841.84;

WHEREAS, as of January 30, 2019, the balance of the 227 Cash Collateral is $77,768.62;

WHEREAS, pursuant to section 326(a) of the Bankruptcy Code, the Trustee's compensation for distributions made solely from the 184 Cash Collateral is $26,137.26;

WHEREAS, pursuant to section 326(a) of the Bankruptcy Code, the Trustee's compensation for distributions made solely from the 227 Cash Collateral is $23,076.93;

WHEREAS, Trustee's undersigned counsel incurred legal fees totaling $11,475 solely in connection with the operation of the 184 Debtor's business and property;

WHEREAS, Trustee's undersigned counsel incurred legal fees totaling $11,067 solely in connection with the operation of the 184 Debtor's business and property;

WHEREAS, this Stipulation (i) has been negotiated in good faith between the parties, and for cause shown, is (ii) fair and reasonable under the circumstances, and (iii) is in the best interests of the 184 & 227 Debtors' estates.

NOW, THEREFORE, IT HEREBY IS STIPULATED, CONSENTED TO AND AGREED BY THE UNDERSIGNED THAT:

1.     The Trustee's commission from disbursements made solely from the 184 Cash Collateral is $26,137.26, and the Trustee is authorized to issue a check from the 184 Cash Collateral for such commission.

2.      Trustee's counsel incurred legal fees totaling $11,475 solely in connection with the operation of the 184 Debtor's business and property, and the Trustee is hereby authorized to issue a check from the 184 Cash Collateral to LaMonica Herbst & Maniscalco, LLP for such legal fees.

3.      After payment of the sums set forth in ¶¶ 1 and 2 herein, the Trustee shall issue a check to Preferred Bank in the amount of $98,229.58, representing the balance of the 184 Cash Collateral ("184 Cash Collateral Balance").

4.      The Trustee's commission from disbursements made solely from the 227 Cash Collateral is $23,076.93, and the Trustee is authorized to issue a check from the 227 Cash Collateral for such commission.

5.      Trustee's counsel incurred legal fees totaling $11,067 solely in connection with the operation of the 227 Debtor's business and property, and the Trustee is hereby authorized to issue a check from the 227 Cash Collateral to LaMonica Herbst & Maniscalco, LLP for such legal fees.

6.      After payment of the sums set forth in ¶¶ 4 and 5 herein, the Trustee shall issue a check to Preferred Bank in the amount of $43,624.69, representing the balance of the 227 Cash Collateral ("227 Cash Collateral Balance").

7.      The Trustee and the 184 Debtor's estate shall have no liability with respect to any open invoices with respect to the maintenance or operation of the 184 Property through the January 16, 2019 closing date, all of which shall be paid and satisfied by Preferred Bank from the 184 Cash Collateral Balance or 184 E 64th LLC.

8.      The Trustee and the 227 Debtor's estate shall have no liability with respect to any open invoices with respect to the maintenance or operation of the 227 Property through the January 16, 2019 closing date, all of which shall be paid and satisfied by Preferred Bank from the 227 Cash Collateral Balance or 227 E 67th LLC.

4

9.      In the event that the Trustee or her retained professionals, receives or is entitled to receive, any refund or credit from payments made by the Trustee on behalf of the 184 Debtor or 227 Debtor pursuant to the Cash Collateral stipulations referenced above, the Trustee shall duly tender or assign such refund(s) or credit(s) to Preferred within fifteen (15) days of receipt of same. In addition, the Trustee shall, provide reasonable assistance should Preferred or its assigns, seek to apply for a credit or refund for any payment made by the Trustee on behalf of the 184 Debtor or 227 Debtor pursuant to the Cash Collateral stipulations.

10.     Nothing herein is intended to, or shall, affect or impair the 184 Carve-Out or the 227 Carve-Out.

11.     The undersigned represent and warrant that they have full authority to execute this Stipulation on behalf of their respective party or client and have obtained all necessary approvals.

12.     This Stipulation and Order may be signed by the parties in facsimile and/or electronic counterpart originals with the same force and effect as if fully and simultaneously signed in a single original document.

**AGREED AND CONSENTED TO:**

**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Marianne T. O'Toole, solely as Chapter 7 Trustee*

By:     *s/ Holly R. Holecek*
        Holly R. Holecek, Esq.
        3305 Jerusalem Avenue
        Wantagh, New York 11793
        T. (516) 826-6500
        Email : hrh@lhmlawfirm.com

5

**KYE LAW GROUP, P.C.**
*Counsel to Preferred Bank, 184 E 64th LLC and 227 E 67th LLC*

By:   *s/ Matthew F. Kye*
Matthew F. Kye, Esq.
201 Old Country Rd, Suite 120
Melville, New York 11747
T. (631) 616-8200
Email: mkye@kyelaw.com

**IT IS SO ORDERED THIS ___ DAY OF FEBRUARY 2019**

_____
Hon. Robert D. Drain
United States Bankruptcy Judge